Eastern District.
*April*, 1830.

*M'DONOUGH vs. WINCHESTER.*

McDONOUGH
*vs*
WINCHESTER.

A proposition does not become an agreement until the party to whom it is made accepts it, and it must be accepted precisely as made, unless the proposer agrees to a variation.

APPEAL from the court of the second district, the judge of the fourth presiding.

This suit was instituted on the 13th May, 1828, to recover from the defendant the amount of his promissory note. The plaintiff introduced in evidence the note and protest; also a letter of defendant dated 10th October, 1825, proposing to plaintiff to renew the note; one half payable in the month of December, 1827, and the other half in December, 1828, bearing an interest of 8 per cent. per annum. The defendant introduced no evidence, and judgment was rendered in favor of plaintiff for the amount of the note, with legal interest from the date of protest to the 10th October, 1825, and with 8 per cent. from that time time till paid. The defendant appealed.

*M'Caleb*, for appellant.

The judgment below is erroneous in allowing interest at 8 per cent. per annum from the

10th October, 1825.    Defendant's offer was to renew the obligation, by dividing the old note into two.    Upon that condition he promised to pay 8 per cent. interest.    The proposition was not acceded to, because the old note has been sued upon.

*Workman,* contra.

The defendant by his letter of 10th October, 1825, agreed to pay interest at the rate of eight per cent. per annum, provided time should be given him by renewals, up to the month of December, 1828.    By reference to the petition, it will appear that time was given him until the 13th May, 1828—that is five months longer than the time proposed—consequently interest at the rate of 8 per cent. is due.

Martin J. delivered the opinion of the court.    The defendant and appellant complains of the judgment by which interest at 8 per cent was allowed on the note sued on.

It appears from a letter of the defendant, that he proposed to renew the note sued on, by two others, each for one half of the capital, payable in December 1827 and 1828,

bearing interest at the rate of eight per cent. a year. There is no evidence that this proposition was accepted or rejected—but it appears the present suit is brought on the note proposed to be renewed.

We think, with the appellee's counsel, that no conventional interest was *agreed upon* by the parties, as the proposed offered proposition was not acted on. The appellee's counsel has, however, urged that the defendant had the benefit of his proposition, since time was allowed him without suit being brought, till the month of May, 1828—after he had neglected to comply with his own proposition, by paying one half of the debt in December, 1827. It is clear the offer was not accepted, since the note was not renewed, and payment was demanded of the whole before December, 1828. A proposition does not become an agreement, till the party to whom it is made accepts it: and it must be accepted precisely as made, unless the proposer agrees *to a variation*

*A proposition does not become an agreement till the party to whom it is made accept it, and it must be accepted precisely as made unless the proposer agrees to a variation.*

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and that the plaintiff have judgment for ($6,444 92) six thousand

four hundred and forty-four dollars, with <span style="float:right">Eastern District.</span>
legal interest, from the day of the protest
till paid, with costs in the district court,
the appellee paying costs in this court.