No. 6858.

GEORGE W. STOCKTON vs. FIREMEN'S INSURANCE COMPANY.

A general insurance agent, with authority to solicit and receive applications for insurance, has no power to accept such applications and bind his principal by stating to the applicant that the risk attached at a certain moment.

To convert a proposition by one party to another into a contract, it is not sufficient to show strong probability that it was or would have been accepted, under certain circumstances: acceptance, actual, final and irrevocable, must be proved.

APPEAL from the Third District Court for the parish of Orleans. Monroe, J.

37

Stockton vs. Firemen's Insurance Company.

*Hornor & Benedict* and *F. W. Baker* for Plaintiff and Appellant.

*Braughn, Buck & Dinkelspiel* for Defendants and Appellees:

First—Where there is no agreement between an applicant for insurance and the company he proposes to insure in, as to the amount of insurance, either direct or implied, there can be no contract between the parties. May on Insurance, 52; Civil Code, 1766, 1798; Pothier, Traité de Cont. d'Ass. No. 87.

Second—An insurance contract is only then complete, when nothing remains to be done but issue the policy. To constitute a valid contract of insurance, the minds of the parties must meet as to the premises and the risk; as to the amount insured; as to the time the risk shall continue, and as to the premium. 28 N. Y. 153, 1863; Bates' Dig. 200; May on Insurance, 1, 3.

Third—An agent having authority only to solicit insurance, to receive and forward applications, without authority to issue policies, is the agent of the insured. 4 R. I. 141; Bates' Dig. 39, 50, 52; 22 Barb. N. Y. 527; 53 Ill. 516; 3 Allen, 213; 9 Allen, 332.

Fourth—A general insurance solicitor, appointed by an insurance company to solicit risks, subject to the approval or rejection of the company employing him, cannot waive the necessity of submitting his applications for insurance to the company, and thus bind the company whether it desires to accept the risk or not.

Fifth—That the application for insurance given by the plaintiff to the insurance solicitor herein, did not and does not constitute a contract binding upon either party.

Sixth—As the application of the plaintiff was not accepted by the defendant before the property sought to be insured was destroyed, there could be no contract of insurance, and defendants are not liable.

Seventh—That all statements made by the insurance solicitor not contained in the application, not warranted by his instructions, or justified by the rules and regulations of the company, no matter what their nature, do not and cannot bind the company.

----

The opinion of the Court was delivered by

FENNER, J. This is a suit upon an alleged contract of insurance, which plaintiff claims to have been formed with defendant by reason of the following facts, viz:

Plaintiff, on March 13th, 1875, was solicited by H. D. Hill, a general insurance agent and solicitor, who had authority to solicit for defendant as well as other companies, to insure his stock in trade and machinery in the Firemen's Insurance Company. Upon asking the rate of insurance, Hill sent to him the inspector of the company, who, after examination, stated the rate would be two and a half, or three *per cent.* Plaintiff said he would not pay that rate, but would give two *per cent;* to which the inspector replied that he would report to the company and let him know.

The inspector saw the president who said, "he thought probably he could take it at two *per cent;*" and the next day, he reported to plaintiff that this rate would be accepted. Thereupon, on the 17th of March, Hill, the original solicitor, called and prepared an application for the insurance, upon the machinery in the sum of $1500, upon the stock in the sum of $1000, and upon three mules in the sum of $300, at a premium of two *per cent. per annum* for one year, commencing March 17th, 1875,

at 12 o'clock M. This application was signed by plaintiff, and delivered to Hill, who stated to him that the risk attached from noon of that day, March 17th. Hill did not present the application to the company until the next day at 9:45 A. M., and in the intervening night the property had been destroyed by fire, to the knowledge of both Hill and the company at the moment when the application was presented. Of course it was rejected by the company.

The evidence conclusively establishes that Hill had no authority to bind the company in any way. The limit of his authority, if such it can be called, was the permission granted to him by the company to solicit and receive applications for insurance, which were to be presented by him to the company, and after reference of the same to the inspector of the company, and proper consideration, he would be informed as to whether they were accepted or rejected, and, if accepted, he would be entitled to a certain commission on the premium.

From this it follows that the mere statement by Hill to plaintiff, on receiving the latter's application for insurance, that the risk would immediately attach, was without any binding force on the company.

Counsel for plaintiff seeks to evade this conclusion by sheltering his case under the principle that an agent, clothed with authority to represent his principal in some official capacity, is clothed with authority to bind him as to third persons in all matters within the scope of the apparent and usual authority generally attaching to such employment, and that third persons are not bound to inquire as to special limitations on such usual and apparent authority, which may exist in particular cases.

He has referred us to several cases in which, in matters of insurance, this doctrine has been applied, under particular circumstances, to acts of officers, of general agents, and of local agents representing insurance companies at places distant from their corporate domicils. For convenience in the transaction of business, such agents are frequently, perhaps generally, invested with powers of making binding contracts for their principals, and are furnished with policy blanks for that purpose, and persons dealing with them have rightful claim to suppose that they have the necessary powers usually accorded. He refers us, however, to no case where the principle has been extended to mere local solicitors of resident companies. Such solicitors are not ordinarily vested with authority to consummate contracts, and, considering the dangers of such delegation and the absence of all necessity therefor, there seems to be no good reason why they should be, or why any person should suppose them to be, clothed with such power. We are constrained to conclude that the power of Hill to bind the defendant must be limited to the terms of his mandate, and that, if plaintiff has been deceived by placing imprudent trust in him, he must bear the consequences.

It only remains to consider whether the acts of the company, through its president, with reference to this insurance were sufficient to create a complete and binding contract.

It is well established that a company may be bound by a parol agreement to insure, as effectually as by a policy in due form, and when such preliminary parol agreement is complete, its validity is not affected by delays in the issuance of the policy or in the payment of the premium resulting from mutual understandings between the parties.

May on Insurance, Sec. 128, §§ 14, 15, 16.

Id. Section 43, p. 41.

Wood on Fire Insurance, Section 4, p. 10.

Franklin Fire Insurance Co. vs. Colt, 20 Wal. 371.

Evans vs. Home Insurance Co., 4 Otto, 621.

But it is none the less of essential necessity that the contract should be complete.

" The consent of the contracting parties in all things which constitute the substance of the contract, is of the essence of the contract of insurance as of all other contracts."

Pothier Cont. d'Ass. No. 87.

" To constitute a valid contract of insurance, the minds of the parties must meet as to the premises and the risk; as to the amount insured; as to the time the risk shall continue; and as to the premium."

Baptist Church vs. Brooklyn Co., 28 N. Y. 153.

May on Insurance, pp. 41, 42, 52.

The evidence in this case discloses no knowledge of, or consent to, any of the terms of the proposed contract by the president of the company, except as to the premises on which the things to be insured were, and as to the rate of premium. As to the risk or things to be insured, the application includes two mules which, it is not pretended, were even mentioned to him, and there is, therefore, no room to assert that he ever assented to the application as made. Although plaintiff does not claim the value of these mules, yet his application must be treated as a whole, and it is clear that the president was not bound to accept the risk on mules which had never been mentioned to him, nor could he have rejected that part of the application and accepted the rest without the further consent of plaintiff.

There is an equal absence of proof that he was informed of the time for which the insurance was desired; and it is admitted that the amount of insurance was only fixed at the moment of making the application.

It seems too clear for argument that there was here no *aggregatio mentium* upon essential elements of the contract.

" A proposition does not become a contract until accepted by the

party to whom it is made, and then precisely as made, unless the party proposing agree to a variation."

McDonough vs. Winchester, 1 La. 190.

To convert a proposition into a contract, it is not sufficient to show strong probability that it would have been accepted: acceptance, actual, final and irrevocable must be proved.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's costs.