## Indiana National Life Insurance Company v. Maines.

(Decided September 26, 1919.)

### Appeal from Grant Circuit Court.

Insurance—Life—Defenses by Company—Demurrer to.—Where a life insurance company in its answer set up as a defense to a suit on the policy that the applicant made in his application false and material representations on the faith of which the policy was issued it was error to sustain a demurrer to the answer.

C. C. ADAMS and C. E. HENDERSON for appellant.

B. F. MENEFEE and J. J. BLACKBURN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Reversing.

On August 1, 1916, Edgar B. Maines was procured by W. P. Strader, an agent of the appellant insurance company, to make application for a policy in the sum of $1,000.00 for the use and benefit of his wife, the appellee, Jennie Maines, for which he was to pay then and each year thereafter a premium of $46.63. On August 5, 1916, Maines was killed and his widow, the beneficiary, thereafter, upon the refusal of the company to pay the insurance, brought this suit and recovered judgment for the full amount thereof.

The case is brought here by the insurance company upon the ground that the court erred in sustaining a demurrer to its answer which set up the defenses it relied on.

There is no dispute about the facts that on August 1, 1916, Maines signed and delivered to the agent his application in writing for the insurance; that on August 1, 1916, in payment of the first premium of $46.63 Maines executed to the agent a note for this amount which was

accepted by the agent and at the same time the agent gave to Maines what is known as a binding receipt; that on August 1st Maines submitted to a medical examination and the medical examiner found him to be and so stated in his report a first class risk; that the application and other related papers were sent to the company at its home office in Indianapolis and received by it on August 2, 1916; that Maines was killed before the application had been acted on or any policy issued; that the note given for premium was tendered to Mrs. Maines when the liability of the company was denied.

In the answer it was set up that in his application for insurance Maines, in answer to questions, said: "Q. What is your present occupation, kind of business and position held? A. Farmer. Q. Do you contemplate making any change, temporary or permanent, in your occupation? A. No. Q. Are you engaged in the sale or manufacture of alcoholic, malt or vinous liquors? A. No. Q. How long have you been engaged in your present occupation? A. All my life."

That the application further recited that "I agree that the statements and agreements herein and the statements to the medical examiner in part two of application are made for the purpose of securing this insurance and declare that all such statements are complete and true without exception unless exception is indicated."

And further recited that "I further agree that no contract of insurance shall be deemed made and no liability on the part of said company shall arise until a policy shall be issued and delivered to me, nor until the first premium thereon shall be actually paid while I am in good health.

"I have paid the first premium of $46.63 on policy applied for to the agent, Mr. W. P. Strader, on condition that if risk is not assumed by the company the sum paid by me shall be returned in accordance with the binding receipt which I have accepted subject to the provisions thereof." And further that "As a part of the application, and as the basis of the contract, which shall not take effect until a policy shall have been delivered, and the first premium paid thereon, during my lifetime, and while I am in good health, I declare to be complete and true and hereby represent all the statements and answers herein made, and also the written statements made by me

to the agent. I also agree:   . . .   That my engaging in any of the following occupations or employments within one year from date of the policy issued under this application without first obtaining the written permission of the company, or payment of the extra premium required therefor, will terminate the policy then and there as a term policy from the beginning, viz.:   . . .   service as bartender or dealing in intoxicating liquors; or professional nurse.''

The answer also averred that the binding receipt read as follows: ''Received forty-six and 63/100 note, dated July 31st, 1916, due November 1, 1916, from E. B. Maines in full settlement of first premium on a proposed insurance of $1,000.00 on his life, application for which is this day made to Indiana National Life Insurance Company of Indianapolis, Indiana, subject to the following conditions:

''First. No contract of insurance shall be deemed made and no liability on the part of the said company shall arise until a policy shall be issued and delivered to me, nor until the first premium thereon shall be actually paid while I am in good health.

''Second. That the application will be completed by submitting to a medical examination, and if such application be declined by the company, the premium paid as evidenced by this receipt, will be returned.

''Third. Any change in the terms and conditions of this 'binding receipt' or its use for any but the first premium will render it void.''

Under the undisputed facts as they appear in the answer and which for the purposes of the case on this appeal must be taken as true we think the lower court committed error in sustaining the general demurrer to the answer and in giving judgment for the amount of the insurance.

The chief defense relied on by the company as we understand the record is that the statement of Maines in his application that he was engaged in farming was material to the risk and false; that in fact, as stated in the answer, he was then and had for some time previous thereto engaged as assistant and clerk in an establishment where various kinds of soft drinks of a malt and intoxicating nature were being dispensed and sold and that if Maines in his application had stated the truth as

to his business and occupation and the company had known of the truth and facts as to his business and occupation it would have then and there according to its usual course of business immediately. rejected and declined to consider said application as it did do a few days after receiving the application and as soon as it discovered the business Maines was engaged in when the application was made.

We do not think it necessary on this appeal to go into any discussion of the law of this case, as we think the demurrer to the answer should have been overruled and the case prepared for hearing and disposition on the issues raised by the pleadings, and such other pleadings as the parties may desire to file.

Wherefore the judgment is reversed with directions to overrule the demurrer to the answer and for further proceedings.