## Indiana National Life Insurance Company v. Maines.

(Decided April 29, 1921.)

### Appeal from Grant Circuit Court.

Insurance—Fraud—Pleading—Evidence.—In a suit on an insurance policy to meet the allegation that all verbal agreements had been merged in the writings executed by the parties fraud was pleaded by the plaintiff. Held, that fraud is not to be presumed but must be affirmatively proved and upon the one who charges fraud is cast the burden to sustain his accusation; failing so to do the opposite party is entitled to a directed verdict.

C. C. ADAMS for appellant.

J. J. BLACKBURN and B. F. MENEFEE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

August 1, 1916, Edgar B. Maines made application to appellant's general agent for a life policy in the sum of one thousand dollars. On the same day he was examined by the company's physician, found to be in good physical condition and his application forwarded to the company's home office for approval. A note in payment of the first premium was discounted at a local bank. August 5th, and before any action was taken on the policy, Maines was accidentally killed. In this suit by the beneficiary

(widow) it was alleged, among other things, that upon the execution of the application and note by Maines and the delivery of a binding receipt by the agent, the latter told Maines that following a medical examination he would be fully insured from that date, the same as if a policy had issued forthwith.

The answer denied the agent's authority or power to bind the company, pleaded a clause in the receipt and a provision in the application that no liability would arise before the issuance and delivery of the policy, and also relied upon a further provision in the application that any policy issued thereunder would be terminated if Maines should engage in certain prohibited employments, such, for example, as serving as a bartender or dealing in intoxicating liquors. It was alleged that Maines' statement in the application he was a farmer was untrue, that as a matter of fact at that time he was engaged in the sale of intoxicants.

A demurrer to the answer was sustained, but this ruling was reversed on appeal, 185 Ky. 180, 214 S. W. 820.

Upon the return of the case and to meet the foregoing allegations of the answer, as well as the further allegation that any verbal agreements that might have been entered into between the agent and Maines were merged in the written application and binding receipt, a reply was filed denying these several allegations and pleading affirmatively that to the extent the writing signed by the applicant contained any matter contrary to that alleged in his petition same was obtained through fraud, and on the issue thus made by the pleadings the case was submitted to a jury. A trial resulted in a verdict for the face of the policy, less the amount of the premium note.

Appellant's chief insistence is that a directed verdict should have been entered in its favor, and with this contention we agree. There was no effort to meet the issue of fraud made by the pleadings. The evidence in the main was directed to the original claim that the company's agent told Maines his insurance would be effective from the date he was examined by the company's physician. In support of appellee's contention we are cited to the case of Halle v. N. Y. Life Ins. Co., 22 Rep. 740, 58 S. W. 822, wherein the company was held bound by an agreement on the part of its general agent to the effect that the applicant would be insured from the date of his application, but this case is not in point for several rea-

sons: (a) it is shown the company had accepted the application; (b) it does not appear the oral agreement relied upon antedated the signing of the application; (c) there was neither allegation nor proof of fraud or mistake in the obtention of the application nor in the execution of the receipt.

Mere delay in acting upon an application, which, when acted upon, would be rejected, does not fix liability upon the company from its date, where the application is subject to the company's approval and it is expressly provided the insurance shall not relate back unless the applicant is accepted. Northwestern Mutual Life Ins. Co. v. Neafus, 145 Ky. 563, 140 S. W. 1026.

On the other hand an insurance company will not be allowed to reject an application for insurance for the sole reason that the applicant had died or a loss had occurred before action was taken thereon where it is shown that but for the death or loss the application would have been accepted and the policy issued. Continental Insurance Co. v. Haynes, 10 Rep. 276; May on Insurance, section 57.

But the case so earnestly argued by appellee's counsel is not presented by the record. There is neither allegation nor proof of any verbal agreement subsequent to the written application and binding receipt. The allegation of fraud to offset the defenses relied upon by the company, is not supported by the proof. Fraud is not to be presumed but must be affirmatively proved. With the exception of dealings between persons occupying relations of a fiducial or confidential nature and the like, a presumption of innocence, fair dealing and good faith attends all lawful transactions among men, and upon the one who charges fraud, be he plaintiff or defendant, is cast the burden of sustaining his accusation. Shacklet v. Goodall, 152 Ky. 20, 151 S. W. 23; Commonwealth, for use, etc., v. Filiatreau, 161 Ky. 434, 170 S. W. 1184; 20 Cyc. 108.

The party relying upon fraud must produce such legal evidence as will overcome the legal presumption of innocence and beget a belief of the truth in the charge of fraud. Marksbury, etc., v. Taylor, etc., 10 Bush 519. This appellee failed to do, hence appellant was entitled to a directed verdict.

The judgment is accordingly reversed for further proceedings not inconsistent herewith.