## HARTFORD FIRE INS. CO. v. TATUM.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1925.)

No. 4469.

1. Insurance ⊜⟹131(1)—Unless prohibited by statute, valid contract of insurance can be made by parol.

Unless prohibited by statute, valid contract of insurance can be made by parol.

2. Insurance ⊜⟹131(1)—Duration of and premium payable under parol insurance contract held sufficiently established.

Duration of and amount of premium payable under parol contract of insurance *held* sufficiently established, where it was obvious that parties intended contract should be same as prior builder's risk insurance contract between same parties and at same rate.

3. Insurance ⊜⟹651(1)—Prior written contract held properly admitted in evidence in action on oral contract.

In action on parol insurance contract, where it was obvious that terms of such contract were to be same as prior written con-

tract between same parties, such prior contract was properly admitted in evidence.

**4. Insurance ⟨⟩645(3)—Evidence as, to defendant's offer to insure held properly admitted under pleadings in action on parol policy.**

In action on parol insurance contract, allegation of petition, to effect that defendant's agent solicited plaintiff to take out a policy in sum of $9,000, and that she took matter under advisement and following day called at agent's office to accept insurance for $8,000, *held* sufficiently broad to render admissible proof that defendant's agent had offered to insure not only for $9,000 but for any less sum, and that plaintiff's authorization of insurance for $8,000 was acceptable.

**5. Insurance ⟨⟩651(2)—Proof of custom of local agent to keep possession of policies held admissible in action on parol policy.**

In action on parol insurance policy, evidence that defendant's local agent customarily kept 90 per cent. of policies written by him in his safe *held* admissible in explanation of plaintiff's failure to call for and insist on possession of her policy.

**6. Insurance ⟨⟩624(5) — Building contractor held not necessary or proper party to action on parol builder's risk insurance policy.**

In action on parol builder's risk insurance policy, where it did not appear that building contractor had any interest in insurance, he was not necessary or proper party.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by Mrs. Marguerite L. Tatum against the Hartford Fire Insurance Company. Judgment for plaintiff (2 F.[2d] 275), and defendant brings error. Affirmed.

J. S. Atkinson and Alex F. Smith, both of Shreveport, La., for plaintiff in error.

Jos. D. Barksdale, of Shreveport, La. (H. B. Warren, of Shreveport, La., and W. D. Goff, of Arcadia, La., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and BARRETT, District Judge.

BRYAN, Circuit Judge. This is an action on an oral contract of fire insurance. A jury was waived in writing, and the district judge made special findings of fact in accordance with provisions of sections 649 and 700 of the Revised Statutes.[1] The defendant insurance company also tested the question whether the entire evidence was sufficient by requesting a judgment in its favor. The district judge denied the request and entered judgment for plaintiff in the sum of $8,000, with interest.

[1] Comp. St. §§ 1587, 1668.

About the 1st of May, 1922, plaintiff let a contract for the erection of a building for $10,725; the contractor to furnish the labor and materials. On May 21 the general agent of defendant wrote to the local agent to make an effort to secure insurance on the building for defendant. The local agent called upon plaintiff, and she accepted from him a policy for $2,500, dated June 21, which ran for a period of 60 days, or until August 21. This policy provided what is called builder's risk insurance, loss payable to the contractor as his interest might appear. During the construction of the building, this first policy expired, and no new insurance was taken until the latter part of September, when defendant's special representative and its local agent solicited further insurance. They made an examination, and offered to insure the building in its then uncompleted condition for any amount up to $9,000. Plaintiff informed the agents that she would advise them the amount of insurance she would need, and within a day or two she went to the office of the local agent, but not finding him in left on his desk a note, dated September 29, reading as follows: "Please write policy on my hotel building for amount of $8,000. I called at your office and you were not in, so left this note so you will attend to it when you come in." When the agent returned to his office, he found plaintiff's note, and stated that it was his intention to issue a policy, but that he neglected to do so. The building was destroyed by fire on October 3, and the plaintiff learned shortly thereafter that the policy had not been issued.

The petition contained an allegation to the effect that the agents solicited the plaintiff to take out a policy in the sum of $9,000, that she took the matter under advisement, and during the next day called at the local agent's office to accept insurance for $8,000.

The local agent testified, over objection, that it had been his custom to retain in his safe 90 per cent. of the policies of his customers. Notice of the loss was promptly given. There was no evidence that the building contractor had any claim or right to receive any part of the insurance.

The contentions in support of the assignments of error are: (1) That the contract of insurance was unenforceable because not in writing; (2) that the parties did not agree upon the time during which the insurance was to be in force, or upon the premium to be paid; (3) that the court erred in admitting in evidence the policy for $2,500 which had expired; (4) that evidence was

inadmissible to prove, first, that defendant's agents agreed that the contract of insurance should be consummated upon the amount thereof being stated by plaintiff, because the petition did not contain an allegation to that effect, and to prove, secondly, that defendant's local agent usually kept in his safe insurance policies belonging to his customers; and (5) that the building contractor was an indispensable party to the action.

[1] 1. It is well settled that unless prohibited by statute a valid contract of insurance can be made by parol. Relief Fire Insurance Co. v. Shaw, 94 U. S. 574, 24 L. Ed. 291. To sustain its contention that the contract is required to be in writing, defendant relies upon the rule announced by this court in Evans v. Marr, 298 F. 288, where it is held that, "if the parties contemplate a reduction to writing of their agreement before it can be considered complete, there is no contract until the writing is signed." But in the case last cited it is also said: "The case would have been materially different if there had been findings, supported by evidence, that Marr and Shaw orally made a completed sale contract, that they further agreed that that contract was to be reduced to writing," etc. And the same distinction is taken in the other cases cited by defendant between a completed oral contract and one which it was not the intention of the parties to make binding until their agreement was reduced to writing and signed.

[2] 2. A policy of insurance between the parties had recently expired. It was in the New York standard form, adopted in Louisiana, Laws 1898, Act 105, art. 3, § 22. It provided for builder's risk insurance for a period of 60 days on the same building which had not been completed; and stated the premium rate. It is perfectly obvious that the parties understood that the insurance contracted for in September would continue until the building should be completed, or for a like period of 60 days, and at the same premium rate. In Eames v. Home Insurance Co., 94 U. S. 621, 24 L. Ed. 298, where a similar objection was being considered, the Supreme Court said:

"If no preliminary contract would be valid unless it specified minutely the terms to be contained in the policy to be issued, no such contract could ever be made or would ever be of any use. The very reason for sustaining such contracts is, that the parties may have the benefit of them during that incipient period when the papers are being perfected and transmitted. It is sufficient if one party

proposes to be insured, and the other party agrees to insure, and the subject, the period, the amount, and the rate of insurance is ascertained or understood, and the premium paid if demanded. It will be presumed that they contemplate such form of policy, containing such conditions and limitations as are usual in such cases, or have been used before between the parties. This is the sense and reason of the thing, and any contrary requirement should be expressly notified to the party to be affected by it."

[3] 3. It follows that the policy for $2,500 which had expired was properly admitted in evidence.

[4, 5] 4. It is insisted that the agreement to consummate the insurance upon the designation by plaintiff of the amount was not sufficiently alleged. We have set out the substance of that part of the petition which it is claimed was not broad enough to permit the introduction of evidence of such agreement. We think the criticism is highly technical. It surely was permissible under the allegations of the petition to prove that defendant's agents offered to insure for not only the exact sum of $9,000, but in any less sum, and that plaintiff's authorization of insurance of $8,000 would be acceptable, and would make a completed contract. Proof of the local agent's custom to keep insurance policies in his safe was admissible as an explanation of plaintiff's failure to call for or to insist upon having the policy in her possession before the fire.

[6] 5. The building contractor is not shown to have had any interest in the insurance, and therefore it does not appear that he was even a proper party.

The judgment is affirmed.