MARGARET RECK, PLAINTIFF-RESPONDENT, v. THE PRU-DENTIAL INSURANCE COMPANY OF AMERICA, DE-FENDANT-APPELLANT.

Submitted February 14, 1936—Decided May 14, 1936.

For appellant, *Randolph Perkins* and *Perkins, Drewen & Nugent (John Drewen,* of counsel).

For the respondent, *Saul Nemser* and *Joseph Moritz.*

The opinion of the court was delivered by

LLOYD, J. The action is to recover for life insurance based upon an application for insurance, payment of the first premium, and a receipt therefor issued by the defendant's agent. The case being submitted to the jury, that body found in favor of the plaintiff and the defendant appeals from the judgment entered on the verdict.

On May 2d, 1933, Joseph Reck made application for a $1,000 intermediate insurance policy with a monthly pay-

ment of $3.56. Being unable to pay the first premium at that time, he arranged with the company's agent to hold the application in abeyance for one week, when the first month's premium was paid in full.

The agent was authorized to give, and did give, to Reck a receipt for the first monthly payment reading as follows:

"Received from Mr. J. Reck the sum of Three Dollars and Fifty-six cents, being payment of not less than one monthly premium on account of a twenty year payment, intermediate, monthly premium policy, applied for in the Prudential Insurance Company of America, on the life of as above.

"It is understood that no agent has power, in behalf of the company, to make or to modify any application for insurance, or to bind the company, by making any promise or representation, but that if this payment is equal to the full first monthly premium on said policy (but not otherwise) the insurance shall take effect from the date of the application, in accordance with the provisions of the policy applied for, provided said application is approved and accepted at the Home Office of the Company in Newark, New Jersey, under the plan, for the premium paid and amount of insurance applied for, and provided the person proposed was in sound health on the date of the application.

"It is further agreed that said company will return the amount mentioned herein if it declines to grant the policy on the above life."

By the terms of this receipt it will be noted that the insurance was to take effect on the date of the application which was May 9th, 1933, subject to two conditions (1) that the applicant was in sound health at that date (which is not in dispute); and (2) that the application be approved and accepted by the company at its home office in Newark, to which is added that the company would return the premium if it declines to grant the policy.

It will thus be seen that the application and the payment of the first month's premium, made simultaneously, effected the insurance unless one of the two things occurred. The assured was in concededly sound health. It was, therefore,

we think, incumbent on the company, if for that or any other reason the insurance be declined by the home office, to manifest this intention by the return of the premium within a reasonable time; otherwise the applicant could assume that his insurance was effective. Contracts may be implied from circumstances as well as by written papers and oral agreement, and insurance contracts are no exception to the rule as numerous cases, text books and digests clearly attest. *Commercial Insurance Co.* v. *Hallock, 27 N. J. L.* 645; 1 *May Ins.* 43A; 32 *Corp. Jur.* 1132.

What was a reasonable time within which the premium could be returned and the applicant thus apprised that the insurance had been declined, would be a question of fact to be determined in the particular case.

Under the proofs here presented it was open to the jury to find that return of the premium was never made or tendered. By its own written proposal stipulated in the contract this return it was obliged to make, and its failure, as the jury found, resulted in effecting the insurance contemplated.

We are not impressed with the contention that there must have been actual formal approval by the company at its home office; this could be inferred from retention of the premium; nor with the contention that there must have been a formal policy actually issued and delivered. *Commercial Insurance Co.* v. *Hallock, supra.*

The receipt of the application and premium by the agent and the issuance of the receipt therefor was the act of the company, and it was the duty of the agent to apprise his employer of what he had done. His failure in this regard, if failure there was, was not as agent of the insured, but that of the company itself through one of its own selected representatives. Of this the company cannot be heard to complain.

Nor could the death of the insured within two days of the application and delivery of the receipt as contended for by the appellant, affect the result. The insurance by the very terms of the receipt became effective on the date of the application and the payment of the premium unless the premium be returned, and the contract must in consequence

speak as of that date. *Kozloski* v. *Insurance Co.*, 95 *N. J. L.* 101. If the insurance was then effective the death of the insured at a later date could not impair the rights of the insured or those holding under him.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, DONGES, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 9.

*For reversal*—CASE, BODINE, HEHER, HETFIELD, JJ. 4.