**MONTE–JANSSEN v. CONTINENTAL CAS. CO.**

No. 14218.

United States Court of Appeals Fifth Circuit.

April 8, 1953.

Rehearing Denied May 25, 1953.

4. 11 C.J. page 728; 14 C.J.S., Chattel

192

Harry Nowalsky, A. Miles Coe, John D. Lambert and George E. Konrad, New Orleans, La., for appellant.

Stanley E. Loeb and Gordon Boswell, New Orleans, La., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant brought this action against the Continental Casualty Company seeking to recover $25,000 "insurance coverage" and an equal amount as a penalty because of the insurer's failure to pay her claim for insurance. The complaint alleged that petitioner's husband, on May 7th, 1949, "made application for and did contract to purchase" from the defendant through its agent in New Orleans, Louisiana, insurance for accidental disability or death to be represented by an accident insurance policy in the sum of $25,000, wherein petitioner was to be named as beneficiary. Her husband was advised that although the policy had to be issued by defendant's home office in Chicago, the policy would only be effective upon delivery, unless the premium therefor was paid at the time the application was made, in which event insurance coverage would become effective at once. It was further alleged that the defendant's agent immediately issued a binder on the application and that the application provided for coverage as of its date, provided payment therefor had been made. Check for the amount of the first premium was delivered to the agent. It was alleged that while in Baltimore, Maryland, and on May 10th, 1949, her husband, the applicant, accidentally fell from a hotel window and was thereby killed. The defendant's refusal to issue the policy, or to recognize the insurance coverage as of May 7th, 1949, was contrary to the terms and conditions of the application and the contemplated policy, particularly in view of the representations of the defendant's agent.

The defendant in answer admitted that the complainant's deceased husband, Milton J. P. Janssen, submitted applications for two policies of accident insurance; denied that Janssen had been told that the policies

applied for would be effective prior to the issuance and delivery thereof, and likewise denied that any binder of insurance was issued. It was alleged that Janssen committed suicide, so that, even if the policies were in effect at the time of his death, it was not liable because the policies did not cover self-destruction.

Trial was had only upon the issue of the existence of insurance coverage. The Court, sitting without a jury, after hearing and considering conflicting testimony as to the conversations and occurrences at the time the applications were submitted to the agent in New Orleans, found as facts that no binder was issued, or any representations made that the insurance was effected at the time the applications were executed, and that it was understood that the applied-for insurance would become effective provided the statements in the application with reference to the applicant's health were not false and that he was of good moral character; that the defendant reserved the right to make that investigation, but was informed of the applicant's death before the investigation started. It was thereupon concluded as a matter of law "that there was no insurer-insured relationship between the defendant, Continental Casualty Company, and plaintiff's husband, Milton J. P. Janssen." These findings of fact and the conclusion of law are attacked as clearly erroneous.

To entitle her to recover the appellant was required to establish some contract of insurance. This she could do either by proving the existence of an oral interim contract or binder, or that the terms and effect of the applications for insurance and the representations in connection therewith gave rise to an enforcible obligation. She failed in both respects. The trial Court, giving credence to the testimony on behalf of the defendant, and upon sufficient evidence, found that

appellee issued no binder and made no representations that the insurance was then effected. Upon considering the content of the applications for insurance, and the circumstances surrounding their submission, the Court properly adjudged that when measured by the applicable Louisiana law the facts of the case fall short of establishing liability of the defendant upon the contemplated policies. The effect of the Court's findings is that it was not within the contemplation of the parties that the insurance should become immediately effective upon the submission of the application and the payment of the premium, but that a reservation of the right of investigation and the exercise of discretion as to the acceptance of the risk was intervened prior to the opportunity for investigation or any action whatever upon the application. Thus, in the absence of the existence of any contract of temporary insurance, there was no insurance coverage available to the purported beneficiary.

Appellant argues that since the insurance would have become effective as of the date of the applications and payment, provided the applications contained no false statements and Janssen was found to be a good moral risk, appellee should not be permitted to withhold its acceptance of the applications for the sole reason that Janssen died before action was taken thereon. The authorities relied upon to support this proposition do not deal with factual situations where the insurance company expressly declined to issue temporary coverage, but are concerned with instances where an oral binder of insurance was made;[1] or the provisions of the application or receipt were construed to grant immediate coverage;[2] or the insurer was estopped from denying coverage[3] under circumstances not present here.

Whatever may be the rulings of courts in other jurisdictions,[4] the Courts

1. Hartford Fire Ins. Co. v. Tatum, 5 Cir., 5 F.2d 169; National Liberty Ins. Co. v. Milligan, 9 Cir., 10 F.2d 483; Whitehall v. Commonwealth Casualty Co., 125 Neb. 16, 248 N.W. 692.

2. Starr v. Mutual Life Ins. Co., 41 Wash. 228, 83 P. 116; Reck v. Prudential Ins.

Co., 116 N.J.L. 444, 184 A. 777; Gaunt v. John Hancock Mutual Life Ins. Co., 2 Cir., 160 F.2d 599.

3. Peoples Life Ins. Co. v. Whiteside, 5 Cir., 94 F.2d 409.

4. See cases collected at 2 A.L.R.2d 943, and Indiana National Life Ins. Co. v.

of Louisiana have held that an application for insurance does not represent a contract of insurance but is merely a proposal by the applicant to induce the insurer to issue a policy of insurance. Such proposal does not become a contract until it is accepted by the party to whom it is made. Stockton v. Firemen's Ins. Co., 33 La.Ann. 577. Whether an insurer will enter into a contract with a particular individual, is generally a matter resting within the discretion of the insurer. The application is considered to represent a part of the antecedent dealings between the applicant and the insurer, but it does not constitute a contract of insurance,—remaining only a proposal until it is accepted by the insurer. Cf. Todd v. Piedmont & Arlington Life Ins. Co., 34 La.Ann. 63. The death of the applicant prior to acceptance of the offer, does not abrogate the right of the insurer to reject the offer. Article 1810, LSA–Civil Code of Louisiana; Stockton v. Firemen's Ins. Co., supra; Foster v. Morrison, La.App., 145 So. 13.

The judgment of the trial court is affirmed.

Maines, 191 Ky. 309, 230 S.W. 54; Douglass v. Mutual Benefit Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453; West-ern & Southern Life Ins. Co. v. Vale, 213 Ind. 601, 12 N.E.2d 350.