**Mrs. Ozell WORRELL**

v.

**JEFFERSON STANDARD LIFE INSUR-ANCE COMPANY.**

Civ. A. No. 9337.

United States District Court
W. D. Louisiana,
Shreveport Division.

Aug. 19, 1963.

Russell T. Tritico, Lake Charles, La., for plaintiff.

G. M. Bodenheimer, Jr., Bodenheimer, Looney & Jones, Shreveport, La., for defendant.

BEN C. DAWKINS, JR., Chief Judge.

Complainant here seeks to recover $20,-000 as beneficiary of a life insurance contract allegedly completed between Leon-

ard N. Harmer and defendant. February 8, 1962, Harmer signed an application which provided that "if the full first premium is paid to an authorized agent of the Company on the date of this application while the Proposed Insured is in good health and a duly executed Conditional Receipt bearing the same number and date of this application has been delivered to the Applicant, then *the liability of the Company shall be only such as is stated in said receipt.*" (Emphasis added.) He was accidentally injured and died on February 14, 1962. Meantime, defendant's underwriter, on February 13, had requested a physical examination but its local agent was unable to contact the applicant about this prior to his death.

The receipt indicated that, if after investigation the Company was satisfied the Proposed Insured was qualified and approved the application, then the insurance would take effect at a certain date, in this case, at the date of the Non-Medical Application.

Under Louisiana law such an application does not constitute a contract of insurance. Monte-Janssen v. Continental Casualty Co., 203 F.2d 191 (C.A. 5, 1953); Gonsoulin v. Equitable Life Assurance Society, 152 La. 865, 94 So. 424 (1922). However, the Monte-Janssen case is not authority for disposing of the complainant's allegations that the agent orally stated the policy would be effective immediately. In that case the Court specifically found that the agent did not make any representation that the insurance was effective from time of the application. Since the Court must, for purposes of this motion, resolve all doubts or inadequacies of proof against the moving party, defendant, it is assumed that defendant's agent did make such a representation.

Nevertheless, as a matter of law, complainant cannot prevail. The application, signed by the Proposed Insured, clearly provided that the soliciting agent had no power to make or modify any contract of insurance. In Braman v. Mutual Life Insurance Co., 73 F.2d 391,

394 (C.A.8, 1934), the Court considered a very similar contract provision and stated:

"These restrictions on the power of the agent, being contained in the application signed, were notice to the applicant of the lack of authority of the soliciting agent to make any contract of insurance except as authorized by the provisions of the application itself. New York Life Ins. Co. v. McCreary (C.C.A. 8) 60 F. (2d) 355; Jensen v. New York Life Ins. Co. (C.C.A. 8) 59 F. (2d) 957; Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029; New York Life Ins. Co. v. Fletcher, 117 U.S. 519, 6 S.Ct. 837, 29 L.Ed. 934. Any contract of insurance other than that authorized by the application could be made or authorized only by the officers therein named, to wit, the president, vice president, a second vice president, or a secretary of the company. These restrictions upon the authority of the agent are binding upon the applicant unless violative of some valid statutory provision. Aetna Life Ins. Co. v. Moore, 231 U.S. 543, 34 S.Ct. 186, 58 L.Ed. 356; Jensen v. New York Life Ins. Co. (C.C.A. 8) 59 F. (2d) 957; Inter-Southern Life Ins. Co. v. McElroy (C.C.A. 8) 38 F. (2d) 557; New York Life Ins. Co. v. McCreary (C. C.A. 8) 60 F. (2d) 355."

No contrary statute or jurisprudence of Louisiana has been cited by the parties, nor has any been found by us. Although cases allowing a soliciting agent to bind his principal by oral contract are common in fire insurance cases, e. g., Hartford Fire Ins. Co. v. Tatum, 5 F.2d 169 (C.A.5, 1925), similar authority is not given life insurance soliciting agents. 16 Appleman, Insurance Law and Practice, § 8699 (1944):

"A soliciting agent for a life insurance company has no authority to write policies or bind the company by its terms or to alter them, and is merely a special agent, whose au-

thority is less than that of fire insurance agents. \* \* \*"

Defendant cannot be held responsible for acts of its agent which were beyond the agent's authority and which the applicant should have known were beyond his authority.

Disputed facts presented by affidavits in this record concerning whether the applicant was a long-distance truck driver and as to his weight are not material to a proper determination of the issues here presented and thus do not bar a summary judgment. Robbins v. Gould, 278 F.2d 116 (C.A.5, 1960).

There being no genuine dispute as to any material fact;

It is ordered and decreed that the motion for summary judgment filed by defendant must be, and it is hereby, granted, and the suit is dismissed at plaintiff's cost.