REGAN, Judge.
This suit was instituted by the plaintiff, Louise P. Locke, as administratrix of the 'Succession of her deceased husband, Charles M. Locke, in an endeavor to recover the sum of $733.32, representing benefits ■due under a policy of health and accident insurance which she asserts was issued by the •defendant company. The sum claimed represents $366.66 as benefits due under the policy together with a like amount as a statutory penalty.[1] Plaintiff also requested the rendition of a judgment for attorney’s fees.
The defendant pleaded the exception of •no right or cause of action, predicated on the fact that no policy was delivered to the ■decedent and therefore no coverage was afforded thereby.
From a judgment in favor of the defendant maintaining the foregoing exception, the plaintiff has prosecuted this appeal.
The allegations of the petition reveal that ■on January 8, 1963, decedent applied for a' policy of health and accident insurance with the defendant. At that time he executed the application form provided by the •defendant and issued a check for $97.50 to its agent in payment of the annual premium. 'On January 13, 1963, or five days after applying for the policy, the decedent was confined to the Southern Baptist Plospital in the City of New Orleans, where he remained through January 21, 1963. Upon Tiis release therefrom, he was confined to Lis home until January 26, 1963. Subsequently, on February 23, he re-entered the hospital and remained there until his death, which occurred on March 10, 1963.
The petition further relates that after January 8, 1963, the defendant did not make any effort to contact the decedent with respect to the issuance of the policy, and that the decedent, as a result thereof, believed that he was fully covered from the date of his application therefor. It was not until March 27, 1963, which was about ten days after the decedent’s death, that the defendant refunded the premium paid by him. The plaintiff returned the premium to the defendant and also forwarded duly executed proof of claim forms required by it. The defendant refused to recognize the claim, which of course provoked this suit.
The application for insurance, made part of the plaintiff’s petition, contained the following condition:
"No obligation is incurred by the Company unless said application is approved by the Company at its Home Office and a contract is issued and delivered during the lifetime and good health of the applicant.”
The plaintiff contends that the policy should be enforced, and he predicates his argument primarily upon the rationale of Harding v. Metropolitan Life Insurance Co.,[2] which established the rule in Louisiana that an insurer may be held liable in tort if it delays for an unreasonable length of time in processing and in issuing an insurance policy.
It should be noted at the inception of this opinion that the plaintiff does not possess an action in contract against the defendant. The above quoted condition in the application makes it abundantly clear that a policy, as such, did not exist until it was approved by the company, issued, and delivered during the lifetime and good health of the applicant. In the case of Pruitt v. Great Southern Life Insurance Co.,[3] the court literally interpreted a similar provision which was contained in an application form, and reasoned that the insurer could repudiate the contract at any time before it was delivered, or even thereafter if the applicant was found to be in ill health at that time.
*353 The court expressed itself as follows:
“It seems obvious to us that it was the intention of the parties to reserve unto themselves the right to repudiate the contract up until the moment of its consummation. The insured could repudiate the contract even after the policy was physically placed in his hands by merely refusing to accept it. The insurer could repudiate the contract at any time up until it was delivered to the insured, and even then if he was found to be in ill health, or if he had been in ill health at any time since he made his application for the insurance. * * * ”
The plaintiff’s principal contention is that the defendant is liable to the decedent’s succession ex delicto under the theory of the Harding case, since the insurance company unreasonably delayed the issuance of the policy. However, an analysis of the allegations contained in plaintiff’s petition which, of course, must be accepted as true for the purposes of determining the validity of an exception of no right or cause of action, reveals that the defendant did not commit a tort by failing to issue the policy.
The allegations of the petition reflect that five days after the decedent applied for the health and accident policy he became ill and was required to enter a hospital. After the onset of his illness, the condition in the application providing that no coverage was afforded until the policy was issued and delivered during the lifetime and good health of the applicant, supplied an ample excuse for the non-delivery thereof by the defendant.
In any event, the fundamental question which the facts hereof have posed for our consideration is whether the defendant was guilty of negligence in failing to issue and deliver the policy within five days after the application therefor was executed.
According to the allegations of the petition, the home office of the defendant company is in Chicago, Illinois. Since the application form for the insurance provided for the approval by the home office before issuance of the policy, it is clear that the application executed by the decedent had to be mailed from New Orleans to Chicago, where it was to be processed, and then the policy would be returned to New Orleans for delivery to the decedent. Under these .circumstances, it would be virtually impossible for the policy to be delivered to the decedent within five days after he applied therefor.
To reiterate, we are of the opinion, which, is in conformity with the rationale emanating from the case of Pruitt v. Great Southern Life Insurance Co.,[4] that the plaintiff does not possess an action ex contráctil under the defendants policy since none was issued. Moreover, the petition does not reveal the existence of a cause of action against the defendant ex delicto. The defendant was not obligated to deliver the policy when the decedent was in ill' healthi Consequently, in order to establish as a fact a negligent delay in issuing the policy, the plaintiff would be required to prove that the defendant delayed an unreasonable length of time during the good health of the decedent. This could not. be proved in view of the fact that the decedent became ill five days after he applied for the insurance. Under the particular facts hereof, a five day delay in issuing a health and accident policy could not be construed, by us as negligence on the part of the defendant. ':
For the foregoing reasons, the judgment of the lower court maintaining the defendant’s exception of no right or cause of action is hereby affirmed. The plaintiff is to pay all costs of these proceedings.
Affirmed.

. LSA-R.S. 22:657.

. La.App., 188 So. 177 (1939).

.202 La. 527, 12 So.2d 261, 145 A.L.R. 1427 (1942).

. Supra.