259 So.2d 575 (1972)
Vickie v. BRUNT
v.
STANDARD LIFE INSURANCE CO., et al.
No. 8738.
Court of Appeal of Louisiana, First Circuit.
March 13, 1972.
*576 W. Lee Overton, of Overton & Overton, Clinton, for appellant.
John Dale Powers, of Sanders, Miller, Downing & Kean, Baton Rouge, for defendants-appellees Standard Life Ins. Co., and others.
Richard Kilbourne, Clinton, for defendants-appellees Clinton Bank & Trust Co., Merrick W. Dunn and W. Roy Chaney.
Before BLANCHE, TUCKER and COLE, JJ.
BLANCHE, Judge.
Vickie V. Brunt and her husband, the late James D. Brunt, on May 26, 1969, obtained an application form of the Standard Life Insurance Company of Jackson, Mississippi, from W. Roy Chaney, a vice president of the Clinton Bank and Trust Company, for a six-year level premium decreasing term insurance policy, more commonly known as mortgage cancellation insurance. The Clinton Bank and Trust Company held a mortgage on plaintiff's home. Merrick W. Dunn was the president of the bank but as a sideline represented Standard as one of its insurance agents.
The application which was completed by Mrs. Brunt and signed by her husband contained the following provision:
"I expressly agree on behalf of myself and any other person who shall have or claim any interest in any Policy issued on this application as follows: * * * (4) The insurance hereby applied for shall not be considered in force until a Policy shall have been issued by the Company for the amount applied for in accordance with the Company's published rates and said Policy manually received and accepted by me and the first premium paid thereon, all during my good health. * * *" (Exhibit P-1)
The application further required that the applicant list any disease or injury he may have had as well as the names and addresses *577 of the attending physicians. Two of the physicians who had treated plaintiff's husband lived in Clinton, Louisiana, and their addresses were properly given. The address of Dr. William D. Wall, who had treated applicant for a bladder infection, was not given. After Mrs. Brunt had completed the handwritten application, she delivered the same to Mr. Chaney in order that the information so furnished could be typed on the form and then submitted to the company. The application was typed by Mr. Dunn and contained essentially the same information as the handwritten application except that Mr. Dunn failed to include the address of any of the physicians. It is to be noted that neither the application completed by Mrs. Brunt nor the one completed by Mr. Dunn contained the address of Dr. William D. Wall.
On June 4, 1969, the typewritten application was received at the home office of Standard Life Insurance Company, and on the same date the company wrote a letter to William D. Wall, M. D., addressed to Clinton, Louisiana, requesting information as to the nature of the treatment given Mr. Brunt. However, Dr. Wall did not live in Clinton, and his correct address was 3804 Convention Street, Baton Rouge, Louisiana 70806. Since no reply was received to this letter, on June 16, 1969, a second letter was addressed to William D. Wall, M. D., at the same address, i. e., Clinton, Louisiana, with a carbon copy thereof addressed to Merrick Dunn. Because a reply had not been received from either of the first two letters, a third letter was sent on June 26, 1969, bearing the caption "THIRD REQUEST" which was again mailed to Dr. Wall at Clinton, Louisiana, with a carbon copy of said letter being sent to Mr. Dunn, the agent of Standard in Clinton, Louisiana, requesting that Mr. Dunn contact Dr. Wall and have him complete the requested form concerning his treatment of Mr. Brunt. On June 28, 1969, two days later, Mr. Brunt was unfortunately killed in an airplane accident. Two days later, on June 30, 1969, the underwriting department of Standard received the information from its agent, Mr. Dunn, in Clinton, Louisiana, giving the correct address of Dr. William D. Wall in Baton Rouge, Louisiana. On that same day the information form was sent by the insurance company to Dr. Wall at his correct address. The doctor's report was submitted by Dr. Wall to Standard on July 16, 1969; and on July 18, 1969, based on Dr. Wall's report, a request was sent to Mr. Dunn, Standard's agent, requesting that he obtain a urine specimen from Mr. Brunt. On July 21, 1969, Standard was advised that the deceased had been killed on June 29, 1969 (though the actual date of death was June 28, 1969), and acting on this information they cancelled the application and sought to return the premium.
Thereafter, Mrs. Vickie Brunt filed this suit against Standard Life Insurance Company, Clinton Bank and Trust Company, Merrick W. Dunn and W. Roy Chaney in an attempt to recover the amount of the policy with penalties, interest and court costs. After a trial on the merits, judgment was rendered in favor of defendants and against plaintiff, rejecting the demands of plaintiff. From this judgment the plaintiff has appealed. We affirm.
In his appeal brief counsel for plaintiff does not make the slightest suggestion that the Clinton Bank and Trust Company and W. Roy Chaney are in any way liable to plaintiff, and the record does not contain any evidence to connect them with the suit.
Appellant's principal assignments of error relate to the finding by the trial court that neither Standard nor Mr. Dunn was negligent in processing Mr. Brunt's application for insurance. In this connection, the following assignments of error are made: (1) that the trial court committed error in finding that applicant had no legal right for the policy to be delivered in accordance with LSA-R.S. 22:634; (2) that the trial court committed manifest error in finding that this action should be dismissed against Merrick Dunn in that *578 there was no lack in the performance of his duty as an agent or personally in processing the application of insurance; (3) that the trial court committed manifest error in dismissing the suit as to Standard Life Insurance Company in that the court determined that the application was processed in the normal manner without delay; (4) that Standard Life Insurance Company or its agent, Merrick Dunn, violated LSA-R.S. 22:617 in that Merrick Dunn as agent omitted the doctors' addresses which were necessary to the timely processing of the application and that as a result thereof Standard Life Insurance Company is precluded from asserting any defense whatsoever to the action.
Assignments of error Nos. 1 and 4 are totally without merit, for a mere reading of the statutes relied on by appellant will show that they are not applicable to this case. Those provisions have reference to situations where a policy of insurance has actually been issued. No insurance policy was ever issued in this case since the insurance company did not complete its medical investigation prior to plaintiff's husband's death.
The most serious contention of plaintiff is related in specifications of error Nos. 2 and 3 which charge that the defendant Standard and its agent, Mr. Dunn, were negligent in processing the application for insurance thereby causing an unreasonable delay in the issuance of the policy. We are of the opinion that an insurance company is under a duty to act upon an application for insurance within a reasonable time and that a violation of that duty with resultant damages will subject the company to liability for negligence.[1] The burden of proof in such case is on the plaintiff to show that but for such delay the application would have been approved and the insurance issued in time to have protected the applicant against the loss which occurred to his damage during such period of unreasonable delay.
Plaintiff attributes negligence to Mr. Dunn for failing to show the doctor's address on the application form. Mr. Dunn admits he left off the addresses of all of the doctors, evidently through inadvertence. Undoubtedly, this error on his part caused some delay in the application being acted upon. Mr. Dunn further had knowledge that Standard was writing to Dr. Wall at an incorrect address in Clinton on June 16, 1969, but did not contact Mrs. Brunt until approximately ten days later in reference to a correct address for Dr. Wall. Assuming arguendo Mr. Dunn's negligence, plaintiff has failed to establish the fact that the policy of insurance would have issued prior to Mr. Brunt's death except for the delay occasioned by Mr. Dunn's negligence. This, of course, would have been impossible to prove, inasmuch as almost three weeks after Mr. Brunt's death Standard was still seeking further medical evidence, i. e., a urine specimen from Mr. Brunt upon which to base a judgment as to whether they would issue the policy. Whether the company, in fact, would have issued the policy thereafter would have depended on Mr. Brunt's health, and by that time he was dead and the state of his health at that time has not been established by any other evidence. Neither is there any *579 evidence to show that had Dr. Wall's correct address been furnished initially that Standard would have been able to complete its investigation and issue a policy of insurance to Mr. Brunt before his unexpected death.
The principle that negligence is not actionable unless it is a cause in fact of the harm for which recovery is sought is elucidated in Perkins v. Texas and New Orleans Railroad Company, 243 La. 829, 147 So.2d 646 (1962):
"It is fundamental that negligence is not actionable unless it is a cause in fact of the harm for which recovery is sought. It need not, of course, be the sole cause. Negligence is a cause in fact of the harm to another if it was a substantial factor in bringing about that harm.
* * * * * *
"The burden of proving this causal link is upon the plaintiff. Recognizing that the fact of causation is not susceptible of proof to a mathematical certainty, the law requires only that the evidence show that it is more probable than not that the harm was caused by the tortious conduct of the defendant. Stated differently, it must appear that it is more likely than not that the harm would have been averted but for the negligence of the defendant." (Perkins v. Texas and New Orleans Railroad Company, 147 So. 2d 646, 648)
Because plaintiff was unable to establish a causal relationship between the alleged negligence of Mr. Dunn and the harm for which she claims compensation, i. e., the failure to obtain the insurance policy prior to her husband's death, her claim must fall.
Lastly, we consider appellant's third assignment of error that Standard Life Insurance Company was negligent in the manner in which it processed the application. It was charged that even though no addresses were furnished Standard that they did not follow their own established procedure of obtaining the doctor's proper address from the current American Medical Association Directory. Mr. Larry Hawkins, an underwriter for Standard Life Insurance Company, was called by the defendant and testified that he knew Clinton was a small town and thought it was more expeditious to write Dr. Wall there. It also appears that even had Mr. Hawkins ascertained Dr. Wall's correct address by following their own procedure of looking in the American Medical Association Directory, it would have been difficult to obtain the correct address of Dr. Wall, because there were five Dr. William Walls practicing medicine in Baton Rouge at that time. There is other evidence that when the insurance company had not heard promptly from Dr. Wall after their first letter that it would have been proper procedure for them to have contacted their agent, Mr. Dunn, rather than writing to Dr. Wall in Clinton, Louisiana, on the assumption that he practiced medicine in that town. While this may, indeed, be a better practice, we do not regard it as amounting to negligence and further find that Standard was quite diligent in its efforts to try to locate Dr. Wall and complete its medical investigation with a view of issuing the policy.
In Harding v. Metropolitan Life Insurance Company, 188 So. 177 (La.App. Orl. Cir. 1939), writ of certiorari denied June 26, 1939, the Court stated:
"It is quite true that an insurance company is entitled to a reasonable time within which to investigate and to act upon an application and that, if death occurs before it has acted and before the expiration of that reasonable period, no liability results. But when that reasonable period expiresand what is a reasonable period must depend upon the facts in each caseand it fails to communicate its rejection to the applicant and also fails to return the amount conditionally paid with the application, surely the applicant, for a time at least, may assume that his application has been accepted and that shortly his policy will *580 make its appearance. * * *" (Harding v. Metropolitan Life Insurance Company, 188 So. 177, 182)
We, therefore, find that Standard Life Insurance Company did not breach its duty to utilize reasonable care in processing the application of Mr. Brunt.
For the above and foregoing reasons, the judgment of the trial court is affirmed, and appellant is to pay all costs of court.
Affirmed.
NOTES
[1] Our Supreme Court has not gone this far, as in the case of Thomas v. Life Insurance Company of Georgia, 219 La. 1099, 55 So.2d 705 (1951), and 32 A.L.R. 2d 483, it is stated that since an unreasonable delay in the retention of an unearned premium might deprive an insurable applicant of an opportunity to apply elsewhere for him to procure life insurance, there is a remedy in the form of an action in tort for an unnecessary and negligent delay in performing the duty of acting on the application within a reasonable time if, by such delay, an insurable applicant is prevented from procuring insurance thus causing a loss. Further reference is made to the A.L.R. Annotation "Insurance ApplicationRejection Delay," 32 A.L.R.2d 517, which states that an application for insurance is nothing else than an offer for a contract, and that the insurer, as offeree, is under no duty to act upon the offer, and a fortiorari not within a reasonable time.