352 So.2d 768 (1977)
Perry ANTOINE, Plaintiff and Appellee,
v.
SENTRY LIFE INSURANCE COMPANY et al., Defendants and Appellants.
No. 6192.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Voorhies & Labbe by W. Gerald Gaudet, Lafayette, Durrett, Hardin, Hunter, Dameron & Fritchie, L. Michael Cooper, Baton Rouge, for defendants and appellants.
Domengeaux & Wright, Bennett B. Anderson, Jr., Lafayette, for plaintiff and appellee.
*769 Before HOOD, CULPEPPER and FORET, JJ.
CULPEPPER, Judge.
Plaintiff, Perry W. Antoine, sued defendants, Charles A. Dorsey, d/b/a Dorsey Insurance Agency (an independent insurance agency), and Sentry Life Insurance Company for the damages for their failure to act within a reasonable time upon plaintiff's application for disability income insurance. Sentry filed a third party demand against Dorsey. The trial court rendered judgment against only Sentry for the benefits of $600 per month for five years which plaintiff would have received had the policy issued. Sentry's third party demand against Dorsey was rejected. Sentry appealed. Plaintiff did not appeal, nor answer the appeal, so the issue of Dorsey's liability is not before us except as to Sentry's third party demand.
The issues presented are: (1) Did Sentry have an obligation to notify plaintiff within a reasonable time that it rejected his application because of his occupation? (2) If there was such an obligation, did Sentry breach it? (3) If there was such a breach, did this cause plaintiff damage? (4) Is plaintiff's cause of action in tort or in quasi contract? (If it is tort, it is prescribed since suit was filed more than one year after plaintiff learned his application was rejected by Sentry).
In 1974, Mr. Antoine worked offshore as a roustabout for an oil company. Having recently borrowed money to buy a car and some furniture, he sought to obtain insurance to protect his family in the event he was killed or injured. Working through Dorsey, an independent insurance agency, he applied to Hartford Insurance Company for both life and disability policies in April of 1974. Hartford accepted the life policy, at an increased premium, but it rejected the disability application because of plaintiff's occupation. Dorsey continued to seek an insurer who would issue the disability policy.
On September 19, 1974, Mr. George Griffin, a field representative of Sentry, happened to visit the Dorsey office while Mr. Antoine was there inquiring as to progress made by the agency. At Mr. Griffin's suggestion, an application for a disability policy with Sentry was filled out by Dorsey for Mr. Antoine. The application reached Sentry's home office in Wisconsin on September 30, 1974, but because some questions had been left unanswered, Sentry returned the application to the Dorsey Agency on October 18, 1974.
Although the application had not yet been returned by Dorsey, a Sentry underwriter in Wisconsin reviewed the file for the first time on November 4, 1974 and wrote the Dorsey Agency informing them that the policy could not be issued because of plaintiff's occupation. On November 22, 1974, the Dorsey Agency returned the completed application to the Sentry home office in Wisconsin. The testimony is in conflict as to when the Dorsey Agency learned of the rejection of the Antoine application by Sentry. However, this fact does not affect our decision.
Mr. Antoine was seriously injured and permanently disabled in an automobile accident on January 12, 1975. In April of 1975, he learned that his application had been rejected by Sentry five months earlier. This suit was filed in May of 1976.
At no time was any premium paid to Sentry by plaintiff or by Dorsey.
We first address the issue of whether an insurance company is obligated to accept or reject within a reasonable time an application for insurance. Harding v. Metropolitan Life Insurance Company, 188 So. 177 (Orl.La.App.1939) is the first case in which a Louisiana appellate court allowed recovery on this theory. In Thomas v. Life Insurance Company of Georgia, 219 La. 1099, 55 So.2d 705, 706-707 (1951) our Supreme Court approved the theory with the following comment on the Harding case:
"The doctrine approved by the Court in that case was as announced in Strand v. Bankers' Life Insurance Co., 115 Neb. 357, 213 N.W. 349, i. e., that since an unreasonable delay and the retention of *770 an unearned premium might deprive an insurable applicant of an opportunity to apply elsewhere for and to procure life insurance, there is a remedy in the form of an action in tort for an unnecessary and negligent delay in performing the duty of acting on the application within a reasonable time if, by such delay, an insurable applicant is prevented from procuring insurance, thus causing a loss."
See also Wyble v. Preferred Life Assurance Society, 83 So.2d 785 (1st Cir. 1955), Locke v. Prudence Mutual Casualty Company, 172 So.2d 351 (4th Cir. 1965) and Brunt v. Standard Life Insurance Company, 259 So.2d 575 (1st Cir. 1972) in which the Courts of Appeal followed the rule previously enunciated in Thomas.
At this point we note that in all of the above cited cases the plaintiff not only filed an application, but he also paid a premium to the insurer. However, in Brunt the court states a broad rule which does not mention payment of a premium as a prerequisite to recovery. The Court of Appeal notes that this goes beyond the holding of the Supreme Court in Thomas. This statement in Brunt is dicta, since a premium was paid there, and, also, the court ultimately denied plaintiff recovery on other grounds.
We do not extend the holding in Thomas, as the First Circuit indicated in Brunt it would, to this factual situation where no premium was paid. We construe Thomas as requiring payment of a premium.
The second issue presented in whether Sentry, within a reasonable time, notified either plaintiff or Dorsey of its rejection of the application. While not expressly stated in his reasons for judgment it is apparent that the trial judge found Sentry did delay more than a reasonable time to notify the Dorsey Agency and Mr. Antoine of its rejection. He found the application reached Sentry's office in Wisconsin on September 24, 1974 and that plaintiff did not receive notice of the rejection until April 23, 1975, which was after the accident on January 12, 1975. The court chose not to believe Mr. Griffin, the Sentry field representative, who said he told someone in the Dorsey Agency in November of 1974 about the rejection of the Antoine application. We will accept the trial judge's finding, as it was based on an evaluation of the credibility of the various witnesses. Under this finding of fact, the delay was unreasonable if the plaintiff is otherwise entitled to recovery under the Thomas case.
The third issue is whether Sentry's failure to communicate the rejection to Mr. Antoine within a reasonable time caused him any damage. As stated above, neither plaintiff nor Dorsey paid any premium to Sentry, so there was no retention of unearned premiums by Sentry which prevented plaintiff from seeking insurance elsewhere. Plaintiff testified that after his application was filed with Sentry in September of 1974, he inquired at Dorsey's several times and Dorsey assured him he would get the insurance. However, he said that after about the third visit to Dorseys, he began to doubt that Sentry would insure him. Plaintiff admitted he knew he would not be covered until Sentry sent him the policy. He admitted Sentry never indicated to him that he was covered. There is no testimony by plaintiff that he failed to apply elsewhere because he thought Sentry would issue the policy.
Hartford rejected plaintiff's application because he was a roustabout. Sentry rejected him for the same reason. There was no proof that Mr. Antoine tried to secure disability coverage through any other insurer between September, 1974 and January 12, 1975. There was no showing that any other insurer would have provided the insurance sought by Mr. Antoine, had he applied. In summary, there is no evidence that the failure of Sentry to communicate to plaintiff the rejection of his application prevented him from procuring insurance from Sentry or from any other source.
The First Circuit treated the issue in Brunt v. Standard Life Insurance Company, 259 So.2d 575, 578 (La.App. 1st Cir. 1972):
"We are of the opinion that an insurance company is under a duty to act upon an application for insurance within a reasonable *771 time and that a violation of that duty with resultant damages will subject the company to liability for negligence. The burden of proof in such case is on the plaintiff to show that but for such delay the application would have been approved and the insurance issued in time to have protected the applicant against the loss which occurred to his damage during such period of unreasonable delay."
In Thomas v. Life Insurance Company of Georgia, supra, our Supreme Court stated:
"On the other hand, even if it be conceded that the company delayed unduly in rejecting Thomas' application (April 16 to June 12), since the record fails to show that he would have applied elsewhere for insurance or that any company would have issued a policy to him in the condition in which he found himself on and after April 22, it cannot be said that Thomas suffered any loss due to the defendant's negligence. Nor can recovery be sustained on a theory of estoppel, since the applicant was not misled to his prejudice by the actions of the defendant."
Also see the cases of Locke v. Prudence Mutual Casualty Company, 172 So.2d 351 (La.App. 4th Cir. 1965) and Wyble v. Preferred Life Assurance Society, 83 So.2d 785 (La.App. 1st Cir. 1955) which state the same rule as to causation. We conclude that, even assuming Sentry was negligent, plaintiff has failed to prove that he suffered a loss due to such negligence.
We pretermit the issue of prescription ably argued by counsel in their briefs. If this is an action ex delicto, then defense counsel correctly notes the action has prescribed. If this is an action arising from a quasi contract, the ten year prescriptive period is applicable, and the plaintiff's suit is timely. This question we do not answer, as it is clear that plaintiff must lose on the merits.
Since we reject plaintiff's demand against Sentry, and since plaintiff did not appeal as to Dorsey, both the principal demand and the third party demand against Dorsey must be rejected.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it casts Sentry Life Insurance Company, and judgment is now rendered rejecting plaintiff's demands against Sentry. Otherwise, the judgment is affirmed. All costs in the district court, as well as the costs of this appeal, are assessed against plaintiff-appellee, Perry Antoine.
REVERSED IN PART, AFFIRMED IN PART.