H. GARLAND PAVY, Judge Pro Tem.
Defendant-insurer, Reserve Life Insurance Company, appeals a $36,458.07 judg *987 ment for major medical insurance benefits held to be due.
On October 18,1982, plaintiff, Huey Harper, and his wife applied to defendant for that type insurance through Phares & Lites Insurance Agency, a local firm which had met plaintiffs business needs for some years. On January 3, 1983, Huey Harper suffered a heart attack, was hospitalized and incurred substantial expenses which constitute the claim herein. Several days after the heart attack, Reserve Life Insurance Company forwarded to the local agency a proposed policy covering Mrs. Harper only. This proposed policy was declined and the insurer refunded the first month’s premium which had been paid with the application.
Plaintiff seeks recovery without a policy on the theory that defendant-insurer was unreasonable in delaying its decision not to insure the husband and that, if the insurer had not delayed its decision to reject, he could have obtained coverage elsewhere. Defendant-insurer takes the position that the delay was not unreasonable and, in any event, Harper was uninsurable and could not obtain coverage elsewhere.
At the outset, we address the issue of cause, that is, whether any unreasonable delay on the part of the insurer caused plaintiff’s lack of insurance coverage. To put it another way, the question is whether plaintiff could have been insured against the heart condition which formed the basis of the claim.
It is well settled that an integral requirement of a tort claim is that the alleged negligence was a cause in fact of the damage. See Thomas v. Life Insurance Company of Georgia, 219 La. 1099, 55 So.2d 705 (La.1951); Duplissey v. Southern Life United Life Insurance Company, 385 So.2d 540 (La.App. 3d Cir.) writ denied, 392 So.2d 1067 (La.1980); Duke v. Valley Forge Life Insurance Company, 341 So.2d 1366 (La.App. 4th Cir.1977); Brunt v. Standard Life Insurance Company, 259 So.2d 575 (La.App. 1st Cir.1972).
The insurer had obtained Huey Harper’s medical records from his family physician,
Dr. Oosta, who testified for plaintiff. He stated Huey Harper had two elevated blood pressure readings, but these were in reference to pain syndromes, that such elevations are not unusual, that the pains were not chest pains but shoulder or neck pains and that he never considered that plaintiff suffered from high blood pressure. He did not consider him in a high-risk category for cardiac trouble.
He had approved Harper in 1979 for heavy long-distance driving or hauling. He further explained that one high blood pressure reading could not be determinative and that it was necessary to take several readings with standardization to make a definite determination of hypertension. The doctor did not attempt to deal with standards of insurability. He did not testify that plaintiff was insurable.
Mr. Joe Wheeler testified for the insurer. He was head of its underwriting department and had been in underwriting for approximately 10 years. He stated major medical insurance is a special underwriting problem. He reviewed the company file and agreed with the action of the particular underwriter who rejected Harper’s application. There were five blood pressure readings in Dr. Oosta’s file. Three of these were in excess of 160/100. Wheeler stated that this constituted hypertension from an underwriting standpoint and that hypertension is a significant underwriting problem. He further observed that the last reading was on February 23, 1981, and there were no followups.
There was a hospital form showing an admission in February, 1981, with an admitting diagnosis of chest pains. Previous studies showed a two-millimeter duodenal ulcer and a small hiatal hernia.
Under the plan applied for there could be no waiver of conditions or premium rate-up to compensate for the possibility of cardiac problems. The witness, Wheeler, had a familiarity with underwriting practices and polices. He knew of no insurer that would have underwritten the husband, expressed the opinion that other companies "... would be very reluctant to offer coverage *988 to Mr. Harper and in effect stated that plaintiff was uninsurable. He did state that there are some mass marketing companies which offer very limited benefits but could not be compared to the situation at hand.
The trial judge concluded that plaintiff could have acquired other coverage. It is noted that this finding did not involve a determination of what were the basic facts. There was not a great contradiction in the subsidiary facts upon which the two experts (Drs. Oosta and Joe Wheeler) based their opinions. Hence, the usual rule requiring adherence to the lower court’s factual findings does not apply in full. As previously noted, the burden is on a plaintiff to show the causal relationship. Upon consideration of the various factors and especially the opinions of the two experts, we must conclude that plaintiff has failed to carry his burden of proof.
There is just not a preponderant showing that plaintiff could have obtained coverage not excluding the heart condition, the treatment of which constitutes the claim herein.
Plaintiff alternatively seeks recovery in contract, claiming that the insurer’s forwarding a policy covering only Mrs. Harper was an alteration of the application prohibited by Revised Statutes 22:617 which reads as follows:
A. Any application for insurance in writing by the applicant shall be altered solely by the applicant or by his written consent, except that insertions may be made by the insurer for administrative purposes only in such manner as to indicate clearly that such insertions are not to be ascribed to the applicant.
B. Any insurer issuing an insurance contract upon such an application unlawfully altered by its officer, employee, or agent shall not have available in any action arising out of such contract, any defense which is based upon the fact of such alteration, or as to any item in the application which was so altered.
There are a few cases dealing with the application of this law. None are apposite to this matter. We do not construe the statute as applicable to the facts of this case. There was no alteration of the application. It was rejected in part, that is, as to one person. A counteroffer was made to insure the other applicant only. The insured did not attempt to force upon applicants a contract contrary to their wishes and still retain the premium.
Plaintiff’s claims for recovering in contract and under the cited statute must fail.
The judgment of the lower court is reversed and plaintiff’s claim is now dismissed with prejudice.
REVERSED AND RENDERED
LABORDE, J., concurs for written reasons assigned.