344 So.2d 414 (1977)
Joseph R. JONES, Sr.
v.
Jessie Jean Moore JONES.
No. 11222.
Court of Appeal of Louisiana, First Circuit.
March 21, 1977.
Calvin C. Fayard, Jr. and James Kuhn, Fayard, Morrison, Fayard & Kuhn, Denham Springs, for appellee.
Gerard E. Kiefer, Baton Rouge, for appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
*415 CHIASSON, Judge.
This is an appeal of a judgment of the District Court in favor of Joseph R. Jones, Sr., plaintiff-appellee, and against Jessie Jean Moore Jones, defendant-appellant, giving the appellee the permanent custody of Joseph Jones, Jr., Jeffery A. Jones and Michael Jones.
The appellant and the appellee were married on November 25, 1961, in Livingston, Louisiana. The matrimonial domicile was initially established in East Baton Rouge Parish and later moved to Livingston Parish where it remained. Three children were born of this marriage; Joseph Jones, Jr., age twelve years; Jeffery A. Jones, age eleven years; and Michael Jones, age five years.
In May, 1975, the appellant left the matrimonial domicile and moved to Baton Rouge. Custody of the children alternated between the appellant and the appellee for approximately a month. At that time the appellee filed a suit for divorce alleging that the appellant had committed adultery. Alleging present physical custody, the appellee asked that he be granted temporary custody of the children during the pendency of the suit and permanent custody of the children thereafter. He alleged that the appellant on numerous occasions had left the children unattended and was in other ways unfit to care for them.
The District Court on June 27, 1975, signed an ex parte order granting temporary custody of the children to the appellee. However, either prior to the signing of this order or shortly thereafter, the record is unclear as to the exact time, the appellant obtained physical custody of the two younger children and took them to Baton Rouge. On the advice of his attorney, the appellee did not try to regain custody of these two children.
The appellant answered the appellee's petition denying his allegations and reconvened asking for a separation from bed and board, custody of the three children and child support. A rule to show cause why the appellant should not be granted custody of the children and child support was issued and a hearing on the rule held.
Following the hearing the District Court rendered judgment in open Court giving temporary custody of Jeffery A. Jones and Michael Jones to the appellant and temporary custody of Joseph Jones, Jr. to the appellee. The appellee was ordered to pay the appellant child support during the pendency of the proceedings. The Welfare Department was ordered to investigate the home surroundings of the appellant and the appellee and report its findings to the Court. It appears that these home studies were made. These reports are not included in the record.
Prior to the rendition of final judgment the appellee's petition was amended by stipulation to include, in the alternative, a prayer for separation from bed and board based on the appellant's alleged abandonment of the matrimonial domicile on May 24, 1975 or on the appellant's alleged adultery.
On October 10, 1975, the District Court rendered judgment in favor of the appellee and against the appellant granting the appellee a separation from bed and board and giving him permanent custody of the three children. It is the custody portion of this judgment which has been appealed.
The appellant contends that:
"1. The Trial Court erred in awarding custody to the father without finding the mother `unfit'.
"2. The Trial Court erred in receiving and considering evidence (Welfare Report) without giving the mother opportunity to examine the content of such report and examining the maker of such report.
"3. The Trial Court erred in its application of fact to law in awarding custody to the father."
The legal principles to be applied in determining custody were stated by the Louisiana Supreme Court to be:
"(1) The paramount consideration in determining to whom custody should be *416 granted is always the welfare of the children.
"(2) The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father.
"(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed.
"(4) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof." (Citations omitted).

Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), at 605.
The maternal preference rule is explanatory of, rather than distinct from, the general principle that the best interest of the children lies in giving custody to the mother and, in most cases, follows naturally therefrom. Stevens v. Stevens, La.App., 340 So.2d 584 (1st Cir. 1976).
There is evidence in the record which would support a finding by the trial judge that the best interests of the children lie in awarding custody to the appellee. There has been no clear showing of abuse of discretion by the trial judge. The record indicates that the two children in the appellant's custody were left alone in the mornings and on at least one occasion in the evening. The appellant also appears to have been willing to allow the children to be separated from one another by having the oldest child remain in the custody of the appellee. Such a division of custody would not be in the best interest of the children.
The appellant contends that it was error for the trial judge, in determining the custody issue, to consider a report prepared by the State Department of Welfare without giving the appellant an opportunity to examine the report or its maker.
Louisiana Courts have held such reports inadmissable in custody proceedings when proper and timely objections were made. However, in this case, the trial judge stated that he would request and consider such a report prior to making his decisions and the appellant made no objection. The appellant may not initially complain on appeal of an alleged error by the trial judge when no objection had been made in the trial court. Meyers v. Meyers, La.App., 324 So.2d 562 (1st Cir. 1975).
For the above reasons, the judgment of the Trial Court is affirmed. Cost to be paid by appellant.
AFFIRMED.