HOOD, Judge.
Walter Joseph Cade seeks to obtain a divorce from defendant, Mrs. Vivian Lee Minor Cade, on grounds of adultery. Judgment was rendered by the trial court in favor of plaintiff. Mrs. Cade appealed.
The issues presented are (1) whether the evidence supports a finding that adultery was committed, and (2) whether a reconciliation has taken place between the parties.
Mrs. Cade entered a motel room with a male companion, not her husband, at about midnight on July 13, 1976, and she remained in that room with him until about 5:00 A.M. on July 14. No one else was in the room with them during that time. Her companion contacted her by telephone during the afternoon of July 13, and pursuant to his invitation she met him at his motel room at about 7 or 7:30 that evening, and they went to the motel lounge where they remained until it closed about midnight. They then left the lounge and went to his room. Defendant denies that an act of adultery was committed. She explained that she and her friend had had “so much to drink” by the time the lounge closed that he decided that he would not try to sleep before he had to attend a meeting at 5:00 A.M. on July 14, and that she went to his room with him where they sat and talked until he had to leave for his appointment.
At about 9:15 P.M. on July 14, Mrs. Cade entered a different room at the same motel with another man, not her husband, and she remained in the room with him for a period of from 30 to 45 minutes. No one else was in the room with them. She denies that adultery was committed, stating that after *320 having had several drinks with her companion she went to a motel room with him, where she took some aspirins for a toothache and used the telephone to call her children.
Defendant left the above motel room about ten o’clock that evening. Two or three hours later, however, at about 12:55 A.M. on July 15, she re-entered the same room with a third male companion, not her husband, and she remained in that room with him until about 1:40 A.M. She testified that she had had several drinks with the last mentioned person in the motel lounge, and that after leaving the lounge she went to his room with him to finish two drinks which she had acquired at the lounge and which she took with her when she left.
The trial judge, in concluding that acts of adultery were committed on those occasions, said: “I’m about as convinced as I ever expect to be in a circumstantial evidence case that adultery was committed . . Mrs. Cade’s explanation of her activities in the motel room is simply not digestible. The court is convinced that the allegations of adultery in the motel are true.”
The commission of acts of adultery, alleged as a ground for divorce, may be established by indirect or circumstantial evidence. When proof of adultery is based solely on circumstantial evidence, however, the proof must be so convincing that it will exclude any other reasonable hypothesis but that the alleged act was committed. Bertrand v. Bertrand, 260 So.2d 128 (La.App. 3 Cir. 1972); Hayes v. Hayes, 225 La. 374, 73 So.2d 179 (1954); Hermes v. Hermes, 287 So.2d 789 (La.1978).
The factual findings of the trial judge, particularly where those findings are based on an evaluation of the credibility of witnesses, are entitled to great weight and will not be disturbed unless found to be clearly erroneous.
The evidence in the instant suit supports the factual conclusions reached by the district court. We find, as did the trial judge, therefore, that acts of adultery were committed by Mrs. Cade on the above occasions.
Mrs. Cade contends, alternatively, that a reconciliation was effected between the parties on August 19 and on October 13, 1976, and that in view of that reconciliation the trial judge erred in decreeing a divorce between them.
The evidence shows that Mrs. Cade visited her husband in his apartment during the early morning hours on August 19, and again about 3:00 A.M. on October 13, 1976. She testified that on both of those occasions they engaged in sexual intercourse, and that on August 19 he specifically told her that he forgave her for all that had happened up to that time. Mr. Cade testified that he and defendant did not cohabit with each other on either of those occasions, that he has never forgiven her, or told her that he has forgiven her, for her acts of infidelity, and that no reconciliation has ever taken place between the parties.
The trial judge concluded that sexual intercourse did not take place between the parties on either of those occasions. With reference to Mrs. Cade’s visits to plaintiff’s apartment, the trial judge said:
“Turning now to the defense of reconciliation, Mrs. Cade alleged that on August 19, and again on October 13, 1976, she went to her husband’s apartment in the early morning hours and there had sexual intercourse with him, these events constituting a reconciliation. Mr. Cade vigorously denied intercourse, although he admitted that his wife did come to the apartment. Both times Mrs. Cade telephoned in advance. Significantly, Cade taped the telephone conversations preceding both those visitations (The tapes and transcriptions of them were submitted in evidence without objection). They support his version of what happened. The wife seems to place most importance upon the October 13 visit because on this occasion she arranged to have a girlfriend drive her there and remain to witness her entry into the apartment. This was obviously a staged reconciliation for trial purposes. What she told her husband on the *321 telephone before going there amounted to a promise to him that her purpose in going there that night was to simplify and expedite the legal proceedings. What she told the friend who took her there and stayed to witness was that it was to her advantage in the lawsuit to prove a reconciliation. We can never know for certain whether or not sexual intercourse took place in that apartment that night. I am satisfied that it did not, based upon the totality of the evidence and the credibility of both parties as I evaluated them during the trial.”
The evidence convinces us, as it did the trial judge, that the parties did not engage in sexual intercourse on either of those occasions, that plaintiff did not forgive his wife for her acts of infidelity, and that no reconciliation took place.
Defendant argues that if we conclude that she committed acts of adultery in July, 1976, based on circumstantial evidence showing that she remained in motel rooms with other men for periods of time, then we also should conclude that sexual union occurred between her and plaintiff on August 19 and October 13, 1976, since she spent some time with plaintiff in his apartment on each of those dates.
We recognize the forcefulness of that argument. Our answer to it, however, is that the circumstances surrounding each of those incidents compel the conclusion that coition occurred during Mrs. Cade’s visits to motel rooms in July, whereas the facts indicate that plaintiff and defendant did not engage in sexual intercourse on the later dates.
The two visits which defendant made to her husband’s apartment were preceded by long telephone conversations between the parties, which conversations were recorded on tape. Those tapes, and transcriptions of them, show that Mr. Cade was extremely reluctant to allow defendant to visit him at either of those times, that he called the police and had her arrested on the night of the first visit, and that he required repeated assurances from her prior to the second visit that she would leave promptly after discussing the settlement of their legal difficulties. The parties gave conflicting versions of what transpired on those visits. The trial judge heard their testimony and observed their demeanor in the court room, however, and thereafter he accepted Mr. Cade’s testimony as to the facts. We attach great weight to his factual findings.
Our conclusion is that there is no error in the judgment of the trial court which decreed an absolute divorce between the parties.
Since we have concluded that the parties did not engage in sexual relations on either of the visits which Mrs. Cade made to her husband’s apartment, it is unnecessary for us to consider the question of whether a single act of copulation, in itself, would be sufficient to effect a reconciliation between the parties.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.