350 So.2d 945 (1977)
Earl T. SANDERS, Plaintiff-Appellant,
v.
HARTFORD LIFE INSURANCE CO., Defendant-Appellee.
No. 13326.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
Writ Refused November 11, 1977.
*946 Campbell, Campbell & Johnson, by James M. Johnson, Minden, for plaintiff-appellant.
Hudson, Potts & Bernstein, by W. Craig Henry, Monroe, for defendant-appellee.
Before BOLIN, C. J., and HALL and JONES, JJ.
JONES, Judge.
Plaintiff appeals a judgment rejecting his claim for disability benefits under an alleged health and accident policy with Hartford Life Insurance Company. The trial court held there was no insurance contract because plaintiff's application for the insurance was an offer which had not been accepted by defendant. The trial court found no misleading conduct by the agent which provided any basis for the creation of the insurance contract on the doctrine of estoppel. We affirm.
On April 27, 1972, Earl Sanders applied for disability insurance with defendant's agent, Mrs. Louise Johnson. The questions on the application (including those relating to all previous health problems) were asked plaintiff by the agent who recorded his answers. Mr. Sanders read and signed the application. Plaintiff paid the initial premium of $36.68 and received a receipt. The application contained the following language concerning the effective date of coverage:
"I agree that if the full, initial premium for the policy is paid upon the date of this application and the company's home office approves this application within 60 days hereof, the policy shall take effect upon the date of this application; . . ." (emphasis added)
The receipt contained similar language to that found on the application and further provided if the insurance did not become effective, the company would incur no liability except to refund the advance premium paid by the applicant.
Mrs. Johnson informed plaintiff she did not have authority to provide coverage on this application for disability insurance. She told him as a soliciting agent her authority was limited to accepting his application and forwarding it to Hartford for approval or denial.
On May 1, 1972, plaintiff was involved in an accident which allegedly disabled him from May 1, 1972 until December 1, 1973.
On May 8, Hartford received plaintiff's application and premium and began its underwriting procedures to determine plaintiff's insurability. During the 60 days following receipt of the application in spite of diligent effort Hartford was unable to obtain the necessary medical reports to evaluate plaintiff's application. On July 17, Hartford refunded the premium paid because it had not received all the information needed to determine whether to accept or reject plaintiff's application. Plaintiff refused to cash the refund check and demanded payment of disability benefits. Further investigation into plaintiff's medical background revealed he misrepresented his medical history on the application. On September 19, Hartford informed plaintiff his application for disability insurance had been rejected due to his prior health problems which he failed to disclose on his application and his claim based upon the May 1st accident was denied.
We agree with the lower court that the rules of contract apply to an application for insurance and the application was an offer which must be accepted by the insurer to form a contract. Consent by the insurer is essential before an insurance contract can exist. LSA-C.C. Art. 1766, 1798, *947 1800; Gonsoulin v. Equitable Life Assurance Society, 152 La. 865, 94 So. 424 (1922); Upton v. Fidelity Standard Life Insurance Company, 185 So.2d 297 (La.App., 1st Cir. 1966); Monte-Janssen v. Continental Casualty Company, 203 F.2d 191 (5th Cr. 1953). The provisions in Hartford's application and receipt made it clear no contract of insurance existed until Hartford's home office approved the application. Locke v. Prudence Mutual Casualty Company, 172 So.2d 351 (La.App., 4th Cir. 1965).
On appeal plaintiff assigns as error the trial court's failure to apply estoppel to create an insurance contract. Plaintiff argues (1) the agent misled him into believing coverage was effective from the date of the application and (2) defendant unreasonably delayed in denying his application.
Plaintiff and his wife testified the agent told them he had immediate coverage. The agent denied their testimony and testified she advised them approval at Hartford's home office was necessary before the insurance became effective. We agree with the trial court's findings that Mrs. Johnson did not misrepresent or waive the application's requirement of home office approval. We further agree with the trial court's finding plaintiff's possible "good faith" misunderstanding of effective coverage date will not estop defendant from denying coverage where plaintiff had read the application and had in his possession the receipt both of which required Hartford's approval for an insurance contract. Under these circumstances there is no justification for the plaintiff to believe he had immediate coverage. The trial court's factual findings must be given great weight by this appellate court and should not be disturbed upon review in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
While we concur in the trial judge's finding the agent did not represent to plaintiff he had immediate coverage, it is significant to point out even had she made such representations where her absence of authority was clearly set forth in the application and receipt, such conduct on her part would not have estopped defendant from denying the existence of coverage. Gonsoulin v. Equitable Life Assurance Society, supra; Borer v. Security Industrial Life Insurance Company, 245 So.2d 5 (La.App., 1st Cir. 1971).
Plaintiff urges as his second ground for estoppel the defendant's unreasonable delay in rejecting his application. Our review of the evidence establishes a 22 day delay beyond the 60 day period provided in the application before defendant refunded plaintiff his premium on July 17. We do not find this delay to be unreasonable. The language of the application and receipt advised plaintiff of the possibility of delay in approving an application.[1] The provisions indicate the insurance may become effective after the initial 60 days if the specified conditions are met.
The time span from the date of application (April 27, 1972) to the date of notification of nonacceptance (Sept. 19,1972) covered approximately 146 days or 4½ months which under the circumstances was not unreasonable. Defendant's delay in rejecting the application was partially caused by plaintiff's failure to disclose on the application prior medical history and names of physicians who treated plaintiff for these prior illnesses and injuries, including arthritis and back ailments. Plaintiff's examining physicians caused defendant delay when they did not promptly return requested medical reports which were essential to evaluation of plaintiff's application. The *948 results of defendant's underwriting procedures justified their decision to reject plaintiff's application for disability insurance.
Plaintiff argues under the provisions of LSA-R.S. 22:619(B)[2] his misrepresentations do not bar recovery because they were not made with the intent to deceive and were unrelated to the risk assumed by the insurer of his post application injuries. This statute applies to an insurance contract issued based upon an application containing misrepresentations. The statute is inapplicable to plaintiff's situation because there is no contract of insurance.
For the foregoing reasons, judgment is affirmed at appellant's costs.
NOTES
[1] The application reads:

". . . [I]f the full initial premium for the policy is paid upon the date of this application and the Company's Home Office approves this application within 60 days hereof, the policy shall take effect upon the date of this application; otherwise the policy, if issued, shall take effect on the Policy Date stated in the policy, but then only if (a) the policy has been delivered to me, (b) the answers in the application represent, without material change, answers to the same questions if asked at the time of delivery, and (c) the initial premium is paid in full." (emphasis added)
The receipt contains similar language.
[2] R.S. 22:619

* * * * * *
"B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."