357 So.2d 881 (1978)
Ella Rae Falgout ADAMS
v.
Errol ADAMS.
No. 11864.
Court of Appeal of Louisiana, First Circuit.
March 20, 1978.
Rehearing Denied May 1, 1978.
Writ Refused June 30, 1978.
*882 John T. Pettigrew, Houma, for plaintiff and appellant.
Sidney C. Sundberry, Houma, for defendant and appellee.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
The plaintiff, Ella Rae Falgout Adams, sought a separation on the ground of abandonment, and custody of the only minor child, Kamala Marie Adams, and child support. Her husband, Errol Adams, reconvened for separation on the ground of cruel treatment and asked for custody of the minor child. Subsequently, Errol Adams filed a second reconventional demand in which he alleged that his wife had engaged in a lesbian relationship with another woman, who was named at the trial, and again sought custody of Kamala Marie. In her answer, she denied such a relationship and also set up reconciliation as a defense.
Judgment was rendered in favor of Errol Adams granting his reconventional demand, awarding him separation from bed and board and awarding permanent custody of the minor child to him. The judgment dismissed the demands of Ella Rae Falgout Adams. Mrs. Adams has appealed.
The primary issues presented are whether the evidence supports the trial court's evident finding that an adulterous lesbian relationship occurred on the dates indicated, thus constituting such cruel treatment as to entitle the husband to a legal separation, and whether or not a reconciliation took place between the parties to this action.
Like heterosexual adultery, the commission of acts of homosexual adultery, alleged as a ground for separation (or divorce), may be established by indirect or circumstantial evidence. When proof of heterosexual adultery is based solely on circumstantial evidence, the proof must be so convincing that it will exclude any other reasonable hypothesis but that the alleged act was committed. Hermes v. Hermes, 287 So.2d 789 (La.1973). We hold that the same degree of proof is necessary in the case where one party to a marriage is accused of having a homosexual relationship with someone other than his or her spouse.[1]
The factual findings of the trial court, particularly where those findings are based on an evaluation of the credibility of witnesses, are entitled to great weight and will not be disturbed unless clearly erroneous. Lapeyrouse v. Lapeyrouse, 331 So.2d 69 (La. App. 1 Cir. 1976).
We find that the evidence in the case at bar supports the trial court's factual conclusions. We find, as did the trial court, *883 that the acts of adulterous lesbianism were committed by Mrs. Adams on the occasions alleged and proven.
There were several incidents, which need not be detailed, each of which could be said to be so convincing that any other reasonable hypothesis but that the alleged act was committed must be excluded. In addition, there was a tape and letters from the co-respondent to the wife which tend to corroborate the lesbian relationship.
Next, the wife contends that there was a reconciliation which was effected through October 16 and possibly up to October 21, 1977.
The trial judge concluded that sexual intercourse did not take place between the parties during this period of time. Our review of the evidence convinces us, as it did the trial judge, that the parties did not engage in sexual intercourse on these occasions, that the husband did not forgive his wife for her acts of infidelity, and that no reconciliation took place. Cade v. Cade, 351 So.2d 319 (La.App. 3 Cir. 1977).
The next issue to consider is the awarding of custody to the husband. We have repeatedly held that an appellate court should disturb the custody determination of the trial court only in the case of a clear abuse of its discretion. Jones v. Jones, 344 So.2d 414 (La.App. 1 Cir. 1977). Finding no such abuse of its discretion in the instant case, we concur in the award of custody to the husband.
There are several miscellaneous matters having to do with the admissibility of evidence, particularly the tape recording. We view this tape recording as having probative value for corroborative purposes and rule it admissible for this purpose.
We find the refusal of the trial judge to allow pretrial discovery of the investigative work of the husband's investigator to be harmless error. There is ample evidence to support the factual conclusion of the trial court without considering this evidence at all.
For the foregoing reasons, we affirm at appellant's costs.
AFFIRMED.
NOTES
[1] This language, once unnecessary, is used because of nondiscriminatory legislation, the import of which allows marriage between persons of the same sex, a relatively new phenomenon in our society.