GULOTTA, Judge.
Plaintiff, mother of two children, ages seven and five, appeals from the dismissal of her rule for custody of the children.[1] We affirm.
On August 9, 1976 a default judgment of divorce had been granted in favor of the plaintiff-mother. The decree also granted the custody of the minor children to the defendant-father.[2] Thereafter, pursuant to a petition for transfer of custody filed by the mother on April 7, 1978, the trial judge, following a contradictory hearing on July 18, 1978, permitted the custody of the children to remain with the father. The mother was allowed visitation rights.
It is from the judgment denying the plaintiff-mother’s request for transfer of custody that this appeal is taken. Relying on the case of Stevens v. Stevens, 340 So.2d 584 (La.App. 1st Cir., 1976) plaintiff claims *346 the trial judge erroneously considered the custody decree in favor of the father as a “considered” judgment placing the “double burden” requirement upon her in order for her to obtain a change of custody.[3] According to plaintiff because no evidence was taken, nor a hearing held, in connection with the original custody decree and because she voluntarily surrendered the children to the father at that time, she should not be “saddled” with the double burden. Plaintiff claims the matter should be heard as an original custody hearing.
Assuming (but not deciding) the correctness of plaintiff’s argument, we nevertheless conclude that the trial judge did not err in dismissing plaintiff’s petition for transfer of custody. LSA-C.C. article 157 as amended by Act 448 of 1977 states, in pertinent part:
“A. In all cases of separation and divorce, permanent custody of the child, or children shall be granted to the husband or wife, in accordance with the best interest of the child or children . . ”
In Monsour v. Monsour, 347 So.2d 203, (La.1977) the Supreme Court reiterated that the primary consideration in any custody award is the welfare of the child. Applying the sound and simple rule as set forth in the Code and by the Supreme Court, to the facts in our case, we are led to conclude that the trial judge wisely permitted custody to remain with the father.
Plaintiff readily admits that the living conditions at the home of the remarried father are not deleterious to the children’s welfare. The testimony of the father and the step-mother is strongly indicative of the care, affection, love and interest that they have in the welfare of the seven year old girl and the five year old retarded child. These facts are not disputed by the mother. However, she contends, with support from the record, that her living conditions with her new husband are equally conducive to the welfare and best interest of the two children; and that at the time of the voluntary surrender of the custody to the father she was not financially able to care for the children but that her circumstances with her new husband have markedly changed for the better.
Considering the stable development of the children in the environment of the father’s home and in the state school, as evidenced by undisputed testimony in the record and considering also the fact that the custody of these children has remained with the father from the time of the custody decree and judgment of divorce in August 1976 to the time that the matter for transfer of custody was heard on July 18, 1978 (approximately a period of two years), we cannot say the trial judge abused his discretion in permitting the father to retain custody.
Finally, we find no merit to the mother’s oral argument that “all things being equal” the “maternal preference” rule should be applied. This rule is not absolute. Custody is determined depending upon the circumstances in each case. In Fulco v. Fulco, 254 So.2d 603, 259 La. 1122 (1971) the Supreme Court set forth guidelines in custody matters. These guidelines are that, 1) the paramount consideration in determining custody is always the welfare of the children; 2) as a general rule, it is in the best interest of the children to grant custody to the mother, especially children of tender years; 3) a party seeking to change custody when a considered decree of permanent custody had been granted bears a heavy burden of proving that the continuation of the custody is so deleterious to the children as to justify removing them from the environment to which they were placed and accustomed; and 4) upon appellate review the determination of the trial judge is entitled to great weight. *347 In 1976, in the case of Stevens v. Stevens, supra, the First Circuit recognized that the proper guideline is the welfare and best interest of the children. Our brothers on that circuit went on to say that the maternal preference rule is “explanatory of, rather than distinct from, this general principle and, in most cases, follows naturally therefrom.” See also Jones v. Jones, 344 So.2d 414 (La.App. 1st Cir. 1977). Thereafter, in June 1977, in the case of Monsour v. Mons-onr, supra, the Supreme Court reiterated that the “primary consideration in any custody award is the welfare of the child.” This language was incorporated in Civil Code article 157 as amended by Act 448 of 1977 (effective September 9, 1977), supra.
The First Circuit again had the opportunity to speak out on the maternal preference rule in the ease of Delatte v. Delatte, 358 So.2d 974 (La.App. 1st Cir., 1978). In that case the Court stated that although it has been the rule that a mother has a paramount right to the custody of children absent exceptional circumstances, the more recent view is that the paramount consideration is always the best interest of the child.
In Vidrine v. Demourelle, 363 So.2d 943 (La.App. 3rd Cir., 1978) the Third Circuit looked upon the maternal preference rule as a presumption that the best interest of the child will be better served by placing them in the custody of the mother; however, this presumption is rebuttable and must yield to convincing evidence that the greater advantage of the child will be served by placing the child with the father.
This Court in State ex rel. Killman v. Gurley, 354 So.2d 755 (La.App. 4th Cir., 1978), writ denied, 356 So.2d 1004 (La.1978) indicated that the maternal preference rule is of greater importance in an initial custody ease or in a case where children are sought to be taken from a mother and given to the father than in a case where the children are sought to be taken from the father and placed with the mother.
Our consideration of the Civil Code article and the recent jurisprudence leads to a conclusion that the maternal preference rule is an important element and an aid in the determination of the best interest of the child; however, it is not an absolute rule nor an overriding consideration in the determination of custody. As has been so frequently stated as not to require citation, each custody case must be decided on its own facts and circumstances.
Applying the jurisprudence as we understand it, we find no abuse of discretion in the trial court’s determination that the best interest of the children is served by allowing custody to remain with the father. The judgment is affirmed.

AFFIRMED.

. At the time of the hearing, the five year old brain damaged child had been placed in a residential school for retarded children in Columbia, Louisiana.

. The record does not disclose whether evidence was taken regarding the custody part of the decree or whether the decree was based upon stipulation and consent of the parties.

. One seeking to change the custody must show not only that the living conditions of the children are detrimental to their best interest, but also that he (or she) can provide better and more advantageous living conditions. Decker v. Landry, 227 (La.) 603, 80 So.2d 91 (1955); Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969); Holmes v. Holmes, 203 So.2d 897 (La. App. 4th Cir., 1967).