GULOTTA, Judge.
Judith Homes Johnson and Norman L. Johnson were divorced in 1975 and Mrs. Johnson was awarded the custody, by a consent judgment, of the three children, ages 12, 11 and 10 years. On July 27,1979, after a protracted hearing over several days, the trial judge transferred the custody of the children to the father. In November 1979 the trial judge denied the mother’s request to transfer custody to her. The mother appealed both judgments and the cases were consolidated before this court. We affirm.
On appeal, the mother contends the judge failed to apply the proper legal principles in transferring custody to the father and refusing to return custody to her. She contends he should have applied the principles recognized by the Louisiana Supreme Court in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) and Schexnayder v. Schexnayder, 371 So.2d 769 (La.1979), that the criterion for the change of custody is a finding that the mother is unfit and that the children’s continued presence in the environment provided by the mother is so detrimental to the children as to justify removing them from the environment to which they have become accustomed. Further, under the Fulco rule, the party seeking the change must prove the environment would be better with the other parent.
*1318 The father, on the other hand, contends the heavy burden of the Fulco rule is inapplicable to this situation because the mother had custody by virtue of a consent judgment rather than a “considered decree.”
Our courts have held that the “double burden” rule does not apply except where there is a considered determination of custody, Gulino v. Gulino, 303 So.2d 299 (La.App. 1st Cir. 1974), and where there has been no considered decree, the test to be applied is what is in the best interest of the children. LSA-C.C. art. 157, as amended by Act 448 of 1977; Spencer v. Talabock, 370 So.2d 684 (La.App. 4th Cir. 1979); Hays v. Hays, 365 So.2d 563 (La.App. 1st Cir. 1978).[1]
Nevertheless, we agree with the father’s contention that no matter whether or not the double burden rule was applied, the evidence presented shows that the transfer of custody from the mother to the father was proper. Although the major factors enunciated by the trial judge in changing custody would not mandate a transfer of custody, there is a plethora of other evidence in the record to support the custody change to the father. Accordingly, we affirm the judgment of the trial court.'
A summary of the trial judge’s reasons for judgment and of the evidence in the record is provided in an unpublished appendix to this opinion.

AFFIRMED.

. The pertinent provision of Art. 157 reads, “In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or wife, in accordance with the best interest of the child or children.” We note, however, the jurisprudence has established a rebuttable presumption that the interest of the child will be better served by placing him in custody of the mother. Fulco v. Fulco, supra; Doyle v. Doyle, 371 So.2d 344 (La.App. 4th Cir. 1979). Art. 157 was amended again, by Act 718 of 1979, to add, after the phrase quoted above, “without any preference being given on the basis of the sex of the parent.” However, it is questionable whether this amendment would apply to this case, because it was not in effect at the time this rule was tried.