422 So.2d 210 (1982)
Elizabeth Eva Bruzdzinski, Wife of Leo Peter ALPHONSO, Sr.
v.
Leo Peter ALPHONSO, Sr.
The STATE of Louisiana in the Interest of Walter Lee ALPHONSO, Tammy Marie Alphonso, (A/K/A Tammy Marie Thomas) and Stephanie Cuccia Alphonso (A/K/A Stephanie Cuccia).
Nos. 13197, 13198.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
*211 Nel F. Vezina, Gretna, for plaintiff-appellee.
George W. Gill, Jr., New Orleans, for defendant-appellant.
Before BARRY, LOBRANO and WILLIAMS, JJ.
BARRY, Judge.
Plaintiff sued her husband for a separation, alleging cruel treatment, defamation and abandonment. The husband reconvened for a divorce based on his wife's alleged "homosexual adultery."[1] Both parties sought custody of their 4 year old son. Defendant-husband also filed a petition in juvenile court for custody of two older children plaintiff had by other men. The trial court granted plaintiff a legal separation and awarded her custody, alimony and child support, and dismissed the juvenile proceeding. Defendant appeals the separation judgment and the rejection of his reconventional demand for divorce; alternatively, defendant argues a separation should have been granted in his favor. Defendant also appeals the dismissal of his petition for custody of his wife's two children.
Defendant's first assignment of error is that, because plaintiff's testimony regarding defendant's cruelty was controverted by defendant and uncorroborated by any other witnesses, the evidence was legally insufficient to support a separation judgment in plaintiff's favor. We agree with the principle expressed in Walker v. Walker, 159 So.2d 344, 346 (La.App. 2d Cir.1963), quoted in Johnson v. Johnson, 296 So.2d 470, 472 (La.App. 2d Cir.1974), writ denied, 300 So.2d 183 (La.1974) that:
Where the unsupported testimony of a party having the burden of establishing a particular fact is contradicted by the testimony of the other party and the credibility of neither is attacked, in the absence of corroborating evidence or circumstances, it cannot be said that the party having the burden of proof has sustained that burden.
Plaintiff testified that her husband verbally threatened and harassed her; that on at least one occasion he physically abused her, shoving her against a dresser when she asked for money for their child; that, although she had no income and receives food stamps and welfare payments, he refuses to support her and their child; that he has accused plaintiff of having a lesbian relationship *212 with Jean ("Tiny") Hess, a 17 year old whom the couple had taken into their home for alcoholic rehabilitation; and that defendant tacked a note on the door of their trailer, telling his wife to "Get out."
Two unrelated corroborating witnesses, Dena Hess and "Tiny" Hess, testified plaintiff was a good wife and mother and gave defendant no cause to abandon her or order her to leave their home. Tiny testified that, shortly before the couple's separation, defendant ordered Tiny to leave their home, which she did. Defendant himself did not deny he ordered his wife and Tiny to leave their home, and the evidence indicates defendant was unwilling to live with his wife because of his attitude toward Tiny. Plaintiff's testimony regarding defendant's accusations of her homosexuality is corroborated by defendant's own pleadings and brief in these suits.
Defendant conceded he is employed as a welder's helper, earning about $300.00/week, but that he has given his wife only $300.00 for herself and their child since the couple's first separation in January of 1981. Defendant further admitted that he has not offered plaintiff any money for support since March, 1981, "... but I told her that when she got Tiny out of that house, I would give her and the children full support." Defendant admitted he used almost $4,000.00 from accounts receivable of his boat company (which was community property) for his own purposes. A note from defendant to plaintiff, which accompanied his last check to plaintiff, stated, "I guess you have sense enough to realize I don't owe you a dam [sic] thing."
As to the defendant's reconventional demand, the Trial Judge stated:
And as far as the defendant's case on homosexuality or the alleged homosexuality of the plaintiff, Mrs. Alphonso and this young 17 year old girl, I think it is entirely false. I don't believe one single witness that testified as to what happened because it was so unlikely for it to happen and I think every one of them had prejudices and reasons to testify the way they did testify and I find their testimony not worthy of belief.
Although defendant called witnesses to support his contention of his wife's relationship with Tiny Hess, only two gave "eyewitness" testimony. Louis Alphonso, defendant's son by a prior marriage, claimed he observed lesbian activities between plaintiff and Tiny while on a trip to a church-sponsored event. While this incident supposedly occurred a year and a half before trial, the witness never confronted plaintiff or Tiny or mentioned it to his father until a few weeks before trial. Roy Hess, Tiny's brother, was the other witness who purportedly observed homosexual behavior, but he conceded that he and his sister "fight all the time," and his sudden revelation of his observations occurred after an altercation between plaintiff, Tiny and himself.
Defendant's other evidence on this issue consisted of testimony from defendant's other son by a previous marriage, his sons' girlfriends, and several others who said plaintiff and Tiny had slept together, sometimes with one or more of plaintiff's children. Both plaintiff and Tiny explicitly denied they had ever engaged in any lesbian activity.
The Trial Judge chose to believe plaintiff and Tiny, rather than defendant's witnesses, and we cannot say that his granting plaintiff a separation was manifestly erroneous. As an appellate court we accord great weight to the fact findings and conclusions of the Trial Judge who was in a position to observe the witnesses and their demeanor. It is not within our province to disturb reasonable evaluations of credibility or reasonable factual inferences, even though other, equally reasonable, conclusions could have been reached. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Defendant complains the trial court erred in rejecting his reconventional demand because he was prohibited from introducing additional evidence of plaintiff's alleged adultery, under the "cumulative evidence" rule. While defendant proffered the testimony *213 of several other witnesses on that point, he apparently admitted he had no other "eyewitness" evidence and the additional testimony would duplicate previous testimony that plaintiff and Tiny slept together. The trial court's ruling prohibiting cumulative testimony was omitted from the record, but defendant's attorney did state "I have other witnesses but we move to release them as being accumulative [sic]." Defendant contends in a supplemental brief that this statement did not constitute an admission that the additional testimony would be cumulative, but was merely a motion in compliance with the judge's ruling. Defendant argues strenuously that the "cumulative evidence" rule is applicable only to "additional or corroborative evidence... which goes to prove what has already been established by other evidence."
It is our understanding, however, that the suppressed testimony would only have reiterated prior testimony that Tiny lived with plaintiff and her children, and that under various circumstances the two had shared the same bed. The trial court obviously believed that point had already been established, but did not accept any inference that such togetherness implied homosexual activity. As noted above, the trial court's findings on credibility and factual inferences are accorded great weight and we do not find manifest error.
Defendant's last specification of error is that the trial court erred in dismissing, without a hearing, the juvenile court proceeding concerning custody of plaintiff's two children. That proceeding was initiated when defendant filed a petition to have plaintiff's older children adjudged to be "in need of care." The lower court initially agreed to consolidate the juvenile proceeding with the separation action; however, the Judge decided not to hear evidence on the juvenile matter because the state was not made a party. Thus, although there was some testimony regarding the two older children, the matter was not fully tried. At the conclusion of trial, plaintiff's attorney made an instanta motion that the court order an investigation by the La.Dept. of Health & Human Resources to determine the suitability of plaintiff's home for her two older children. The trial court denied that motion, ruled orally that plaintiff retain custody of all three children, and dismissed the juvenile petition. Because it appears the juvenile proceeding was properly filed but not fully investigated and tried, we remand for further proceedings in accordance with the Code of Juvenile Procedure.
Accordingly, the judgment of the trial court awarding a legal separation in favor of plaintiff and denying defendant's reconventional demand is affirmed. The judgment dismissing proceeding # 13198 is hereby reversed and that matter is remanded for further proceedings in accordance with the views expressed herein. Costs of proceeding # 13197 are assessed to the defendant/ appellant.
AFFIRMED IN PART; REVERSED IN PART; REMANDED IN PART.
NOTES
[1] We are aware of only one case which discusses homosexual activity by a spouse as "adultery" under LSA-C.C. Arts. 138 and 139. In Adams v. Adams, 357 So.2d 881 (La.App. 1st Cir.1978), the court said homosexual adultery could be an independent ground for separation or divorce, and found that wife's lesbian relationship constituted "cruel treatment" entitling the husband to a separation.