442 So.2d 621 (1983)
DAVIS AND LANDRY, INC.
v.
GUARANTY INCOME LIFE INSURANCE COMPANY.
No. 83 CA 0152.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*622 Donald S. Zuber, Baton Rouge, for plaintiff-appellant Davis and Landry, Inc.
Robert F. Kennon, Jr., Baton Rouge, for defendant-appellee Guar. Income Life Ins. Co.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
This is a suit on an alleged insurance contract. The plaintiff, Davis & Landry, Inc., alleges that it is entitled to recover benefits under both tort and contract theories. Guaranty Income Life Insurance Company (defendant) denies benefits under all theories. The trial court granted defendant's motion for summary judgment and dismissed plaintiff's suit. Plaintiff has appealed.
La.C.C.P. art. 966 states that the motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." The trial court had before it a record which consisted of affidavits, all the documents in question, and depositions of the following employees of defendant: Norman L. Duhon, Gary Roth, Judith Wooley, Theresa McClendon, Janie Fowler, and former employee Cheryl Oliver.
Plaintiff mailed to defendant an application for a policy of life insurance on the life of Robert A. Davis, one of its principals, on October 22, 1981. At that time, an application for the other principal, Morgan M. Landry, was submitted along with a check from plaintiff for two years' advance premiums on these applicants. The applications were received by defendant on October 23, a Friday, and on Monday, October 26, they were checked for completeness and signatures by Janie Fowler, the underwriter. On Tuesday, October 27, the remainder of Davis' application package, a form entitled "Answers Made to the Medical Examiner," executed by Dr. E. Wyman Walker, was received by defendant. This form reached Fowler the following day, Wednesday, October 28. Based upon the answers given to the questions in that form, she decided that it would be necessary to obtain an "Attending Physician's Statement" (APS) from Dr. Walker to determine the details of Davis' visits. On Monday, November 2, the request for the APS was mailed to Dr. Walker. Eight days later, on Tuesday, November 10, Davis died. The APS had not yet been returned when Davis died.
In deciding what benefits, if any, plaintiff is entitled to receive, we face four issues:

*623 (1) Do these facts disclose a breach of a duty owed this plaintiff?
(2) If so, should defendant be estopped to deny coverage based on this breach?
(3) Was the full ($500,000.00) policy coverage in force on the date of Davis' death?
(4) If not, was the $100,000.00 receipt coverage in force?
An insurance company is under a duty to act upon an application for insurance within a reasonable time, and a violation of that duty with resultant damages will subject the company to liability for negligence. What is a reasonable period must depend upon the facts in each case, and the burden is on plaintiff to show that a policy would have issued but for the delay caused by the neglect of the insurer. Brunt v. Standard Life Ins. Co., 259 So.2d 575 (La.App. 1st Cir.1972); Harding v. Metropolitan Life Ins. Co., 188 So. 177 (La.App.Orl.Cir.1939).
In Morein v. North American Co. For Life & Health Ins., 271 So.2d 308 (La.App. 3rd Cir.1972), writ denied, 273 So.2d 845 (La.1973), it was held that the insurance company had no duty to an insured or to a person who may be named as a new beneficiary to track the insured down and obtain his signature on the change of beneficiary form when he indicates he wishes to change the beneficiary of his policy. In Locke v. Prudence Mutual Casualty Company, 172 So.2d 351 (La.App. 4th Cir.1965), the applicant became ill and was admitted to a hospital five days after applying for a health and accident policy. The court found that the five-day delay in issuing the policy could not be construed as negligence on the part of the defendant insurer. Finally, Sanders v. Hartford Life Ins. Co., 350 So.2d 945 (La.App. 2d Cir.1977), writ denied, 351 So.2d 1208 (La.1977), involved an application for a disability coverage policy. The applicant became disabled three days after applying for the policy and paying the initial premium. The application warned that the insurance company could take as much as 60 days to approve or reject the policy. The company actually took 22 days beyond the sixty-day period in deciding to reject plaintiff's application and refund his premium. Plaintiff was notified of his nonacceptance even later, after a period of four and one-half months had elapsed from the date of the application. Because defendant's delay in rejecting the application was partially caused by plaintiff's failure to make full disclosures of his prior medical history and attending physicians, the court found that the delay was not unreasonable.
Based on the foregoing, we find that the insurer did not breach any duty when it did not inform plaintiff that the physician had not returned Davis' APS. The APS had only been in the physician's possession on the date of the applicant's death for, at most, seven working days. This is simply not an unreasonable amount of time for the insurer to allow the physician to complete and return the APS. Moreover, even if it can be said that defendant breached a duty to this plaintiff, it is clear from the deposition of Fowler, the underwriter, that the policy would not necessarily have issued even upon prompt return of the APS. The APS, as returned on November 17, showed that Davis had suffered tingling and numbness in his hands and "a vague, interior chest wall discomfort" and that Dr. Walker had referred him to a neurosurgeon, Dr. John Clifford, regarding this symptom. Fowler testified that, based upon this information, additional statements would have been required from Dr. Clifford. This testimony, though self-serving, is completely logical and would be the only reasonable action to be taken by defendant faced with that information. Using the "but for" test enunciated in Brunt, it would be impossible for plaintiff here to prove that the policy would have issued "but for" the negligence of defendant, because the testimony of Fowler that defendant would not have issued the policy is supported by a medical report justifying a genuine uncertainty as to the applicant's acceptability. Even assuming that the APS had been returned to defendant immediately upon receipt by the physician, *624 there is no way for plaintiff to establish that the report which would have been requested by defendant from Dr. Clifford would have reached defendant before Davis' death. In other words, given that a report from Dr. Clifford would have been required by defendant, the amount of time it would have taken Dr. Clifford to return his report is a totally unknown and unknowable element which plaintiff would have to prove in order to show that "but for" defendant's negligence the application would have been approved.
Since we find, based upon these facts, that defendant did not breach a duty, we find no liability in tort here and need not address the plaintiff's "estoppel to deny coverage" argument.
There is no genuine issue as to the fact that the policy of insurance had not been issued on the life of Robert Davis before or on the date of his death. Plaintiff presented no policy or evidence of one issued other than the assignment of a "policy number" to Davis' application. The assignment of this number was explained in defendant's witnesses' depositions and affidavits as a mere form of registration, such number being composed of the month, day, year, and chronological sequence of the receipt of that application on that day. Such number would be used on a policy in the future should a policy be issued.
Plaintiff claims that it is entitled to a $100,000.00 coverage under the terms of the premium receipt. The receipt provides for a limited amount of coverage after the fulfillment of certain conditions, but before the delivery of the policy. The conditions are:
PARAGRAPH A
(1) Any check for which this receipt has been issued must be honored on first presentation.
(2) The amount paid equals or exceeds the monthly premium for the policy applied for and is paid at the time of application.
(3) Each person to be insured must be acceptable to the company (after investigation and medical examination, if required) under its underwriting rules, limits and standards for the plan and amount applied for, without modification, at the Company's standard rates.
PARAGRAPH B
If the above conditions have been fulfilled and the Company actually approves this application, until the policy applied for is actually delivered, the amount of insurance, including accidental death benefits, which may become effective under this receipt, shall not exceed the amount of insurance applied for or $100,000, whichever is smaller.
Paragraph A, conditions (1) and (2), were fulfilled by plaintiff. Condition (3) was not fulfilled at any point before Davis' death. Plaintiff contends that the information eventually received from Dr. Clifford established that Davis had merely a minor nerve problem which caused his tingling and numbness and chest discomfort. According to plaintiff, this establishes that Davis was at the time of his death "acceptable" to the company. However, plaintiff neglects to read the entire text of the condition. It requires that the person be acceptable after an investigation and medical examination, if required under its underwriting rules.
Defendant was involved in investigating Davis' medical record, pursuant to the decision of its underwriter (Fowler) and the requirements of its underwriting rules, up until and including the date of Davis' death. Therefore, he could not have been acceptable after investigation because an investigation was taking place when he died. Furthermore, Section B adds a fourth requirement that the company "actually approves" the application in order for the receipt coverage to become effective. The fact that the company was still conducting an investigation of Davis' health negates any possibility that it had actually approved his application. Its approval of the application of the other principal of plaintiff, Landry, and issuance of a policy on his life on the date of Davis' death, have no bearing on its actions regarding *625 Davis' application. We therefore find that no policy had been issued and that the receipt coverage was not in effect due to nonfulfillment of all the conditions contained in the receipt.
Based on the foregoing, we find that there is no genuine issue of material fact and that defendant is entitled to a judgment as a matter of law. We find that the trial court correctly granted the summary judgment and we affirm. All costs are taxed to plaintiff.
AFFIRMED.