540 So.2d 415 (1989)
Kimberly A. CARNEY and Terry L. Carney, Minors, Through Their Duly Appointed Tutor, James T. CARNEY
v.
LONE STAR LIFE INSURANCE COMPANY.
No. 87 CA 1699.
Court of Appeal of Louisiana, First Circuit.
February 28, 1989.
*416 J. Donald Cascio, Denham Springs, for plaintiff-appellee Kimberly A. Carney, et al.
Robert W. Smith, Baton Rouge, for defendant-appellant Lone Star Life Ins. Co.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an appeal perfected by Lone Star Life Insurance Company (Lone Star) seeking reversal of a judgment casting it liable to the beneficiaries of a life insurance policy in the amount of $50,000.00.
Although judgment was rendered in favor of the plaintiffs, Kimberly A. Carney and Terry L. Carney, minors, through their appointed tutor, James T. Carney, the plaintiffs' claim for penalties and attorney fees was rejected by the trial court. Since the plaintiffs have neither appealed nor answered this appeal, the issue of penalties and attorney fees is not before us.
The trial court filed Written Reasons for Judgment, wherein it sets forth the pertinent facts and the basis for its decision. We quote:
This case comes before the Court to determine whether plaintiffs are beneficiaries of a life insurance policy in the amount of $50,000., and if so, whether the defendant, Lone Star Life Insurance Company, can be held liable under LSA-R.S. 22:656 for penalties for failing to pay the full $50,000. within 60 days of receipt of due proof of death.
The underlying chronology of events is as follows:
On November 6, 1981, decedent completed an application for a $50,000. life insurance policy with defendant insurance company;
On November 12, 1981, defendant received this application;
On December 3, 1981, defendant requested medical information from decedent's physician;
On December 4, 1981, defendant requested a medical examination of decedent by paramedicals;
On January 14, 1982, defendant received the medical information from decedent's physician;
On January 25, 1982, decedent's application was reviewed by defendant and the decision was made to insure decedent at the same premium rate for only a $5,000. policy, not $50,000. as applied for;
On February 6, 1982 decedent died.
On February 9, 1982, a policy was issued in the amount of $5,000. and notice thereof was mailed to the decedent.
At no time prior to February 9, 1982, did defendant notify decedent of any delay in the processing of her application, even though during the entire period from November 6, 1981, to February 9, 1982, decedent made weekly premium payments to defendant in the form of a deduction from her salary from K-Mart, her employer and the owner of the defendant insurance company. It should be noted in passing that the relationship between K-Mart, the defendant insurance company and decedent certainly would imply a duty on the part of the defendant to at least notify the decedent of the delay in the processing of decedent's application since such a notification would have involved very little effort on the part of defendant and/or its owners, K-Mart, decedent's employer.
"An insurance company is under a duty to act upon an application for insurance within a reasonable time, and a violation of that duty with resultant damages will subject the company to liability for negligence. What is a reasonable period must depend upon the facts in each case, and the burden is on plaintiff to show that a policy would have issued but for the delay caused by the neglect of the insurer." Davis & Landry v. Guaranty Income Life Ins., 442 So.2d 621, at p. 623 (La.App. 1st Cir.1983), citations *417 omitted. Thus, under Davis & Landry, an insurance company is not liable to a decedent if it can show that a policy would not necessarily have issued even if the insurer had acted on the application within a reasonable time.
In this case, the defendant insurance company held decedent's application for approximately 90 days prior to issuing a policy, without any reasonable justification for this delay. This Court finds that this delay was excessive and unreasonable.
It is not disputed that decedent was in fact issued a life insurance policy by defendant insurance company, although not for the amount decedent applied for. This Court finds that by issuing the $5,000. insurance policy, defendant waived its Davis & Landry defense of non-insurability and instead raised an issue of the questionable quantitative insurability of decedent, i.e., how much insurance would she be entitled to get. The defendant substituted its own judgment for the decedent's application and issued a $5,000. policy, which by some unbelievable underwriting slight of hand, was underwritten with a premium for the $5,000. policy that was exactly equal to the expected and withheld premium for a $50,000. policy. Furthermore, even if the defendant insurance company had not waived its right to object to the issuance of a policy, it still would be bound on the theory that it allowed the decedent to be lulled into a false belief that she had coverage which prevented decedent, as it would any reasonable person, from seeking coverage from some other source. To allow the Davis & Landry defense of non-insurability would establish an irrebutable presumption that decedent could not find insurance anywhere else when in point of fact the defendant's own grossly unreasonable conduct precluded her from seeking other coverage.
Judgment is hereby rendered finding the defendant insurance company to be negligent in failing to act upon decedent's application for life insurance within a reasonable time and therefore estopped from denying coverage for the full $50,000. policy decedent applied for. However, in as much as there were substantial factual and legal questions involved in the defendant's determination of coverage in this case, there will be no award of penalties and attorney's fees. Judgment will be signed accordingly.
On appeal Lone Star urges three errors which we shall consider in the order urged.

ASSIGNMENT OF ERROR NUMBER ONE
Lone Star assigns as manifest error the trial court's ruling that the plaintiffs satisfied their burden of proof as to the unreasonableness of defendant's time of processing decedent's application.
Appellant relies on the following well known rule of evidence: when the unsupported testimony of a plaintiff is contradicted by the testimony of the defendant, the credibility of neither is attacked, and there is neither corroborating evidence nor corroborating circumstances, then the plaintiff is held not to have made out his case. The cases cited by appellant illustrate how and when the rule is applied: Alphonso v. Alphonso, 422 So.2d 210 (La.App. 4th Cir. 1982), proof of acts of cruelty, defamation and eviction; Johnson v. Johnson, 296 So. 2d 470 (La.App. 2d Cir.), writ denied, 300 So.2d 183 (La.1974), proof of acts of cruelty; Diaz v. Breaux, 252 So.2d 697 (La.App. 1st Cir.1971), proof of fact of rental agreement.
Defendant's reliance on the above rule and cases is misplaced. The rule is pertinent only when there are disputed facts. In the instant case the facts are not disputed, that is, no one has questioned the dates of the various events surrounding the application and issuance of the policy. Instead, the controversy involves the inferences and conclusions to be drawn from those facts, that is, the reasonableness vel non of the insurer's actions.
The difference between disputed facts and a conclusion of reasonableness is illustrated in the case of Davis & Landry, Inc. v. Guaranty Income Life Ins. Co., 442 So.2d 621 (La.App. 1st Cir.1983). Therein *418 this court affirmed the granting of a summary judgment in an action for unreasonable delay in the issuance of a life insurance policy. A chronology of the dealings between the insurer and the applicant was before the trial court in the form of affidavits, documents, and depositions. Summary judgment was appropriate only because those facts were undisputed. Nevertheless, upon appeal this court reviewed for correctness the trial court's conclusion that the time period involved was reasonable. We stated in that case that what is a reasonable period of time depends upon the facts. We did not state nor imply that reasonableness is a fact to be proved by the plaintiff and thus a part of the plaintiff's burden.
Appellant's assignment of error regarding burden of proof is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Lone Star assigns as manifest error the trial court's conclusion that the defendant did not process decedent's application within a reasonable time.
Since the sole issue in this case is the reasonableness in the amount of time taken to issue the policy, all facts must be considered. From the Reasons for Judgment, we see that the trial judge focused on: 1) ownership of the insurance company by decedent's employer, establishing an unusual ease of communication; and 2) payment of the premium by decedent beginning November 6, 1981, with no notice to her of a change in coverage.
In brief appellant complains that the trial judge described the time period as a 90-day one. Appellant argues that this should be "translated" into working days. Although the latter terminology may have been cosmetically preferable for the insurer's case, we cannot infer from the judge's words any requirement that the insurance company maintain an around the clock, seven day operation. We find no error in the trial judge's consideration of the time involved.
Appellant points to the testimony of its expert witness, an underwriter, stating that the time involved in the instant case was reasonable. We have reviewed the entire testimony of this witness, Clayton A. Carney, and we find that the testimony was far from unequivocal. The testimony of this witness was, in effect, "refuted" by the testimony elicited from him while under cross examination by the plaintiffs. We do not find that the trial court was bound by this expert's opinion as to reasonableness.
"As an appellate court we accord great weight to the fact findings and conclusions of the Trial Judge who was in a position to observe the witnesses and their demeanor." Alphonso v. Alphonso, supra at 212. We will not disturb reasonable factual inferences even if other, equally reasonable conclusions could have been reached. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The second assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Finally, appellant assigns as error the awarding of $50,000.00 of coverage as a result of an application for insurance which was never approved by defendant.
This argument is untenable for several reasons. First, the appellant misstates the facts as shown in the record. There was only one application submitted to the insurer. With the issuance of the $5,000.00 policy, the insurer "approved" the application, albeit for a different amount of coverage. Another result of the issuance of the $5,000.00 policy, which the trial court correctly noted, was that the issuance amounted to a waiver of the defense of non-insurability.
Second, it is well settled that an insurance company is under a duty to act upon an application within a reasonable time and that violation of that duty amounts to negligence. Davis & Landry, Inc. v. Guaranty Income Life Ins. Co., supra. The best measure of damages for negligence is to place the plaintiff in the position he would have occupied "but for" *419 the negligence. There is no better measure of damages in the instant case than the awarding of the amount of insurance decedent originally applied for, which is the amount her beneficiaries would have collected but for the insurer's unreasonable delay. Whether we denominate the $50,000.00 as insurance proceeds or damages is immaterial.
Finally, we agree with the trial court that the insurer's failure to change the premium for the greatly reduced coverage is "unbelievable." Standing alone, this one fact might be insufficient to support judgment for plaintiffs, but it dilutes the reliability of the testimony of the representatives of the insurance company. It casts grave doubt on the claim of the insurance company that it had no intention of issuing the $50,000.00 policy prior to notice of the applicant's untimely death.
This final assignment of error is without merit.
For the foregoing reasons, we affirm the judgment of the trial court, all costs to be borne by the appellant, Lone Star.
AFFIRMED.